**The STATE of Ohio, Appellee,**

**v.**

**HARMAN, Appellant.**

[Cite as *State v. Harman* (1999), 132 Ohio App.3d 348.]

Court of Appeals of Ohio,
Seventh District, Mahoning County.

No. 96 C.A. 70.

Decided Feb. 26, 1999.

*Paul J. Gains,* Mahoning County Prosecuting Attorney, and *Karen Markulin Gaglione,* Assistant Prosecuting Attorney, for appellee.

*Donald A. Harman, pro se.*

GENE DONOFRIO, Presiding Judge.

Defendant-appellant, Donald A. Harman, appeals from a decision of the Mahoning County Common Pleas Court denying the issuance of a certificate for wrongful imprisonment.

On December 9, 1988, appellant was indicted for voluntary manslaughter in violation of R.C. 2903.03(A). The case proceeded to trial, and, on June 5, 1989, a jury returned a guilty verdict. The trial court sentenced appellant to a term of imprisonment of eight to twenty-five years.

Appellant appealed his conviction to this court. On October 8, 1991, this court set aside the conviction based on the trial court's denial of appellant's right to confront and impeach a witness and remanded the case for a new trial. *State v. Harmon* (Oct. 8, 1991), Mahoning App. No. 89 C.A. 105, unreported, 1991 WL 209909.

On remand, the case was dismissed in exchange for appellant's plea in another case. The October 3, 1995 judgment entry states:

"Upon motion of State of Ohio, pursuant to its criminal rule 11(F) agreement in case no. 94CR668, and for reasons that this case is now seven years old, initially in 1989 it was a case where there were problems in having witnesses appear; and further that the defendant did serve 3 years incarceration on this charge of Voluntary Manslaughter, in return for the defendant's guilty plea to Felonious Assault in case 94CR668, this case is hereby dismissed."

On December 15, 1995, appellant filed a petition for a wrongful-imprisonment certificate. Appellant subsequently petitioned this court for a writ of mandamus to compel the trial court to rule on his petition for a certificate of wrongful imprisonment. This court allowed an alternative writ to be issued directing the trial court to decide appellant's claim.

On April, 5, 1996, the trial court filed a judgment entry denying appellant's request and determining that appellant was not a wrongfully imprisoned individual. Appellant now appeals that determination.

R.C. 2305.02 grants common pleas courts exclusive, original jurisdiction to determine whether an individual was a "wrongfully imprisoned individual" as defined in R.C. 2743.48(A). Such a determination is a prerequisite to the individual's ability to file a civil action against the state seeking monetary relief.

An individual seeking a determination that he was a wrongfully imprisoned individual must satisfy the five criteria set forth in R.C. 2743.48(A). That section provides:

"(A) As used in this section, a 'wrongfully imprisoned individual' means an individual who satisfies each of the following:

"(1) He was charged with a violation of a section of the Revised Code by an indictment or information prior to, or on or after, September 24, 1986, and the violation charged was an aggravated felony or felony.

"(2) He was found guilty of, but did not plead guilty to, the particular charge or a lesser-included offense by the court or jury involved, and the offense of which he was found guilty was an aggravated felony or felony.

"(3) He was sentenced to an indefinite or definite term of imprisonment in a state correctional institution for the offense of which he was found guilty.

"(4) The individual's conviction was vacated or was dismissed, or reversed on appeal, the prosecuting attorney in the case cannot or will not seek any further appeal of right or upon leave of court, and no criminal proceeding is pending, can be brought, or will be brought by any prosecuting attorney, city director of law, village solicitor, or other chief legal officer of a municipal corporation against the individual for any act associated with that conviction.

"(5) Subsequent to his sentencing and during or subsequent to his imprisonment, it was determined by a court of common pleas that the offense of which he was found guilty, including all lesser-included offenses, either was not committed by him or was not committed by any person."

Applying the statutory criteria to appellant's case supports the trial court's determination that appellant was not a wrongfully imprisoned individual.

The December 8, 1988 indictment charging appellant with voluntary manslaughter, a felony of the first degree, satisfies the first element, R.C. 2743.48(A)(1). The June 5, 1989 guilty verdict returned by the jury satisfies the second element, R.C. 2743.48(A)(2). The trial court's sentencing of appellant to a term of imprisonment of eight to twenty-five years satisfies the third element, R.C. 2743.48(A)(3).

Next, we consider the fourth statutory element, R.C. 2743.48(A)(4). On October 8, 1991, this court reversed appellant's conviction and remanded the case for a new trial. *State v. Harmon* (Oct. 8, 1991), Mahoning App. No. 89 C.A. 105, unreported, 1991 WL 209909. On remand, the voluntary manslaughter case was dismissed, upon the state's motion, in exchange for appellant's plea in another case. However, appellant has failed to demonstrate that "no criminal proceeding is pending, can be brought, or will be brought" by the state for "any act associated" with his conviction for voluntary manslaughter.

Appellant's argument on appeal focuses on the fifth statutory element, R.C. 2743.48(A)(5). Appellant argues that, when considering his petition, the trial court failed to review the facts of the case or the trial transcript. Appellant argues that he had not been engaged in any other criminal conduct at the time when the decedent was killed. Appellant also argues that evidence was adduced at trial establishing that another person stabbed the decedent.

The Ohio Supreme Court, in *Gover v. State* (1993), 67 Ohio St.3d 93, 95, 616 N.E.2d 207, 209, provided the following guidance relative to the fourth and fifth statutory elements:

"The requirement that 'no criminal proceeding * * * can be brought * * * against the individual for any act associated with that conviction' is of critical importance. This statutory language is intended to filter out those claimants who have had their convictions reversed, but were committing a different offense at

the time that they were engaging in the activity for which they were initially charged. When the General Assembly enacted Ohio's wrongful imprisonment legislation, it 'intended that the court of common pleas actively separate those who were wrongfully imprisoned from those who have merely avoided criminal liability.' *Walden v. State* (1989), 47 Ohio St.3d 47, 52, 547 N.E.2d 962, 967.

"Thus, claimants seeking compensation for wrongful imprisonment must prove that at the time of the incident for which they were initially charged, they were not engaging in any other criminal conduct arising out of the incident for which they were initially charged. The claimant must prove this element of the claim by a preponderance of the evidence, as required by *Walden v. State, supra.*"

■   Even a cursory review of the trial court's April 5, 1996 judgment entry determining that appellant was not a "wrongfully imprisoned individual" reveals that appellant's claims are unfounded. The decision states:

"In the present case, a fair reading of the record reflects that at the time of incident for which Claimant was initially charged, he was engaged in other criminal conduct. The record reflects that the Claimant admitted to fighting with the victim. Furthermore, the victim and Claimant were observed struggling prior to the stabbing (Transcript at 27 to 28). The victim's hand was around the Claimant's wrist. *Id.* at 28, 126. The Claimant was observed with a knife, *Id.* at 29, 115, and the Claimant admitted stabbing the victim. *Id.* at 129 to 130. Clearly, based on the record, the Claimant was committing other criminal offenses at the time of the incident for which he was initially charged."

■   Furthermore, the trial court did not err in finding that appellant had failed to demonstrate, pursuant to R.C. 2743.48(A)(5), that the offense of which he was found guilty, including lesser included offenses, either was not committed by him or was not committed by any person. This court reversed appellant's conviction based on a denial of his right to confront and impeach witnesses. On April 3, 1992, appellant filed with this court a petition for a writ of prohibition asking us to direct the trial court to dismiss the indictment against him and to further order his discharge from custody. On April 5, 1992, this court filed a decision denying appellant's request and dismissing the petition. *State v. Harman* (Apr. 15, 1992), Mahoning App. No. 90 C.A. 76, unreported, 1992 WL 80071. In that decision, this court also noted that its decision reversing appellant's conviction was not meant to hold that there was insufficient evidence to sustain a conviction. No finding was made by this court, or any other court, that the voluntary manslaughter offense, including lesser included offenses, either was not committed by appellant or was not committed by any person.

A reading of appellant's briefs on this matter reveals that it is he, not the trial court, who has failed to review the record of the case or the trial transcript.

Appellant makes absolutely no reference to the record, trial transcript, or other permissible evidentiary materials in support of his arguments. Furthermore, appellant cites no legal authority in support of his claim. Consequently, he has failed to demonstrate that the trial court erred in determining that he was not a wrongfully imprisoned individual. More specifically, appellant failed to establish the fourth and fifth elements mandated by R.C. 2743.48(A).

Accordingly, we find appellant's sole assignment of error to be without merit and hereby affirm the judgment of the trial court.

*Judgment affirmed.*

Cox and WAITE, JJ., concur.