OPINION
{¶ 1} Pro se appellant, Donald Harman, appeals from a Mahoning County Common Pleas Court judgment overruling his motion for leave to file a complaint for wrongful imprisonment.
 {¶ 2} The trial court has previously determined appellant to be a vexatious litigator. This court affirmed that decision. SeeGains v. Harman (2002), 148 Ohio App. 3d 357.
 {¶ 3} On November 12, 2002, appellant filed a "motion for leave to file for wrongful imprisonment and complaint for wrongful imprisonment" in the court of claims. Because appellant should have filed the motion for leave with the court that declared him a vexatious litigator, the motion was transferred to the trial court for disposition. On May 21, 2003, the trial court overruled appellant's motion on the grounds of res judicata because appellant's wrongful imprisonment claim had previously been litigated, his request denied by the trial court on April 5, 1996, and affirmed by this court. State v. Harman (1999),132 Ohio App.3d 348.
 {¶ 4} On June 6, 2003, appellant attempted to file notice of appeal from the May 21, 2003 judgment. By judgment filed August 13, 2003, the trial court granted appellant leave to file a notice of appeal, as its permission was required due to appellant's vexatious litigator status. This court accepted the appeal as being timely filed on November 14, 2003.
 {¶ 5} Appellant raises four assignments of error, the first of which states:
 {¶ 6} "The delay between the request to file and response deny's [sic] speedy relief by the courts[.] Further the vexatious status is voidable because it as written mandates that for life [sic]."
 {¶ 7} Appellant argues that R.C. 2323.52, the statute that governs vexatious litigators, denies access to the courts and causes delays before a person is able to be heard. Therefore, appellant concludes, the statute is unconstitutional because it violates due process and because the provisions of the statute, i.e., requiring that a vexatious litigator first acquire permission from a judge before filing anything with the court, attach to the person for life.
 {¶ 8} The Ohio Supreme Court has held that R.C. 2323.52 is constitutional in its entirety. Mayer v. Bristow (2000),91 Ohio St.3d 3, paragraph one of the syllabus. Therefore, appellant's first assignment of error is without merit.
 {¶ 9} Appellant's second assignment of error states:
 {¶ 10} "The trial court erred as a matter of law when it failed to order that a civil jury trial determine the issue of his wrongful imprisonment based upon the facts of the case and eyewitness testimony that the other man stabbed the victim."
 {¶ 11} Appellant urges that, in accordance with Sheppard v.Cuyahoga County Prosecutor, which he cites as "___ Ohio St ___, 2002," he is entitled to a jury trial to determine whether he was wrongfully imprisoned.
 {¶ 12} Appellee, Paul Gains, notes that the case cited by appellant, Sheppard v. Cuyahoga County Prosecutor, does not exist. Appellee mentions that there is a case, Murray v. State,
8th Dist. No. 78374, 2002-Ohio-664, which was filed on behalf of the administrator of Sheppard's estate. And Murray dealt with a wrongful conviction and imprisonment charge. However, nowhere in the decision does the court address the issue of a plaintiff's right to a jury trial in such circumstances.
 {¶ 13} Additionally, we note that the trial court denied appellant's motion because he had previously filed a suit for wrongful imprisonment. In Harman, 132 Ohio App.3d 348, this court affirmed the trial court's judgment finding appellant was not a wrongfully imprisoned individual. Therefore, the trial court properly decided that the doctrine of res judicata barred appellant's current motion. Accordingly, appellant's second assignment of error is without merit.
 {¶ 14} Appellant's third assignment of error states:
 {¶ 15} "That the appellant was entitled to counsel pursuant to the R.C. § 2743.38 et al to present evidence and legal argument of actual innocent [sic] of the offense charged or other crime."
 {¶ 16} The crux of appellant's argument here is that, because this court reversed his conviction for voluntary manslaughter inState v. Harmon [sic.] (Oct. 8, 1991), 7th Dist. No. 89 CA 105, he is entitled to a jury trial and the appointment of counsel pursuant to R.C. 2743.48 (A)(4) and (B).
 {¶ 17} What appellant again fails to note is that he filed a petition for a wrongful imprisonment certificate on December 15, 1995, that the trial court denied the request on April 5, 1996, and that this court upheld the trial court's decision in that matter on February 26, 1999. Because appellant's cause of action has already been heard, he is barred by the doctrine of res judicata. Therefore, appellant's third assignment of error is without merit.
 {¶ 18} Appellant's fourth assignment of error states:
 {¶ 19} "The appellant never admitted to any offense other then [sic] his being beat up by the victim along with five other victims[.] Witnesses [sic] that was [sic] offered deals to testify said [sic] that the appellant had said [sic] as no other charges were ever brought and statute of limitations has expired the appellant is entitled to wrongful imprisonment status."
 {¶ 20} Appellant argues that in affirming the trial court's judgment denying his request for a wrongful imprisonment certificate, this court reasoned that new charges could be brought against him regarding involvement in the matter. Appellant states that, relying on this court's judgment, he waited six years until the statute of limitations had expired for non-felony murder, after which no new charges were filed against him, and then filed his present suit for wrongful imprisonment. Therefore, appellant concludes, his claim is not barred by res judicata because this court merely refrained from deciding the issue of whether he was entitled to a certificate of wrongful imprisonment due to the fact that new charges could have been filed against him.
 {¶ 21} Appellant's interpretation of our previous ruling is, as the trial court noted, misguided. In Harman,132 Ohio App.3d at 352, this court stated:
 {¶ 22} "[T]he trial court did not err in finding that appellant had failed to demonstrate, pursuant to R.C.2743.48(A)(5), that the offense of which he was found guilty, including lesser included offenses, either was not committed by him or was not committed by any person. This court reversed appellant's conviction based on a denial of his right to confront and impeach witnesses. On April 3, 1992, appellant filed with this court a petition for a writ of prohibition asking us to direct the trial court to dismiss the indictment against him and to further order his discharge from custody. On April 5, 1992, this court filed a decision denying appellant's request and dismissing the petition. State v. Harman (Apr. 15, 1992), Mahoning App. No. 90 C.A. 76, unreported, 1992 WL 80071. In that decision, this court also noted that its decision reversing appellant's conviction was not meant to hold that there was insufficient evidence to sustain a conviction. No finding was made by this court, or any other court, that the voluntary manslaughter offense, including lesser included offenses, either was not committed by appellant or was not committed by any person."
 {¶ 23} Our decision reveals that, rather than refraining to decide the issue until the statute of limitations had foreclosed the ability of the prosecutor to bring new charges against appellant, this court found that appellant failed to establish a wrongful imprisonment claim. Therefore, appellant's present suit for wrongful imprisonment is again effectively barred by res judicata. Accordingly, appellant's fourth assignment of error is without merit.
 {¶ 24} For the reasons stated above, the trial court's judgment is hereby affirmed.
Vukovich, J., concurs.
Waite, P.J., concurs.