DECISION AND JUDGMENT ENTRY
{¶ 1} This case is before the court sua sponte. On January 26, 2005, appellant, A.J. Borkowski, Jr., filed a notice of appeal from a decision of the trial court entered on the court's journal on December 9, 2004. Borkowski has been declared a vexatious litigator pursuant to R.C.2323.52(D)(1). Thus, he cannot institute legal proceedings in the court of appeals without leave of court. R.C. 2323.52(D)(3). On January 6, 2005, Borkowski filed, in the trial court, an application for leave to file a notice of appeal from that court's December 9, 2004 judgment. The trial court judge granted him leave to file the notice of appeal on January 19, 2005. As stated above, Borkowski filed his notice of appeal on January 26, 2005, six days later.
 {¶ 2} We find that the trial court does not have jurisdiction to grant a vexatious litigator leave to file a notice of appeal. R.C. 2323.52(D)(3) states:
 {¶ 3} "A person who is subject to an order entered pursuant to division (D)(1) of this section [finding a person to be a vexatious litigator] may not institute legal proceedings in a court of appeals,
continue any legal proceedings that the vexatious litigator had instituted in a court of appeals prior to entry of the order, or make any application, other than the application for leave to proceed allowed by division (F)(2) of this section, in any legal proceedings instituted by the vexatious litigator or another person in a court of appeals withoutfirst obtaining leave of the court of appeals to proceed pursuant to division (F)(2) of this section." (Emphasis added.)
 {¶ 4} Thus, under this statute, only the court of appeals can grant a vexatious litigator leave to institute an action in this court. Filing a notice of appeal is "instituting an action." We find that the trial court's order granting Borkowski leave to file his notice of appeal is void and of no effect. Further, since this court has not granted Borkowski leave to file his notice of appeal, we strike the notice of appeal and dismiss this appeal[1] at appellant's costs.
 {¶ 5} We note that at least one appellate court in Ohio does not agree with our analysis of R.C. 2323.52(D)(3). See Gains v. Harmon, 7th Dist. No. 03-MA-219, 2004-Ohio-6503, at ¶ 4 where the court states:
 {¶ 6} "By judgment filed August 13, 2003, the trial court granted appellant leave to file a notice of appeal, as its permission was requireddue to appellant's vexatious litigator status. This court accepted the appeal as being timely filed on November 14, 2003." (Emphasis added.)
 {¶ 7} Article IV, Section 3(B)(4) of the Ohio Constitution states:
 {¶ 8} "Whenever the judges of a court of appeals find that a judgment upon which they have agreed is in conflict with a judgment pronounced upon the same question by any other court of appeals of the state, the judges shall certify the record of the case to the supreme court for review and final determination."
 {¶ 9} We find that this court is in conflict with the 7th District Court of Appeals on the following question:
 {¶ 10} Pursuant to R.C. 2323.52(D)(3), does a trial court judge have jurisdiction to grant a vexatious litigator leave to file a notice of appeal?
 {¶ 11} We therefore certify the record of this case to the Ohio Supreme Court for review and final determination. The parties are directed to SCt R. IV, certification by court of appeals because of conflict, for direction on how to proceed.
APPEAL DISMISSED.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
Handwork, J., Pietrykowski, J., Singer, P.J., concur.
[1] We note that even if the trial court's order granting Borkowski leave to file a notice of appeal were valid, the notice of appeal he filed on January 26, 2004 was not timely. The order Borkowski wants to appeal was entered on the court's journal on December 9, 2004, and the clerk of courts served notice of this judgment and its date of journalization on appellant pursuant to Civ.R. 58(B) on the same day.
App.R. 4 governs the time for filing a notice of appeal and states:
"(A) Time for appeal. A party shall file the notice of appeal required by App.R. 3 within thirty days of the later of entry of the judgment or order appealed or, in a civil case, service of the notice of judgment and its entry if service is not made on the party within the three day period in Rule 58(B) of the Ohio Rules of Civil Procedure."
Thus, unless an exception applies, in order to be timely Borkowski had to file his notice of appeal within 30 days of December 9, 2004. Borkowski did not file his notice of appeal until January 26, 2005. R.C.2323.52 contains an exception to this 30 day rule.
"If a person who has been found to be a vexatious litigator under this section requests the court * * * [for] leave to proceed as described in division (F)(1) of this section, the period of time commencing with the filing with that court of an application for the issuance of an order granting leave to proceed and ending with the issuance of an order of that nature shall not be computed as a part of an applicable period of limitations within which the legal proceedings or application involved generally must be instituted or made." R.C. 2323.52(F)(1).
Borkowski filed his motion for leave to proceed on January 6, 2005. Leave was granted on January 19, 2005. Thus, the 13 days between the 6th and the 19th are not computed as part of the 30 day period. Counting the days to timely file the appeal, we start with December 19, 2004 and count to January 6, 2005, which is 28 days. We begin counting again on January 20, 2005. This makes January 21, 2005 the 30th day. Borkowski did not file his notice of appeal until January 26, 2005.
Since the time for filing a notice of appeal is jurisdictional, App.R. 14(B), Borkowski's appeal would be dismissed even if the trial court had jurisdiction to grant him leave to file a notice of appeal.