DECISION AND JUDGMENT ENTRY
{¶ 1} Defendant-appellant, Elsebeth[1] Baumgartner, has filed a notice of appeal from an order of the Erie County Court of Common Pleas finding her in direct contempt of court and sentencing her to 45 days in jail. Baumgartner was declared to be a vexatious litigator pursuant to R.C. 2323.52(D)(1) in the Common Pleas Court of Ottawa County on April 13, 2004. R.C.2323.52(D) states, in pertinent part:
 {¶ 2} "(1) If the person alleged to be a vexatious litigator is found to be a vexatious litigator, subject to division (D)(2) of this section, the court of common pleas may enter an order prohibiting the vexatious litigator from doing one or more of the following without first obtaining the leave of that court to proceed:
 {¶ 3} "(a) Instituting legal proceedings in the court of claims or in a court of common pleas, municipal court, or county court;
 {¶ 4} "(b) Continuing any legal proceedings that the vexatious litigator had instituted in any of the courts specified in division (D)(1)(a) of this section prior to the entry of the order;
 {¶ 5} "(c) Making any application, other than an application for leave to proceed under division (F)(1) of this section, in any legal proceedings instituted by the vexatious litigator or another person in any of the courts specified in division (D)(1)(a) of this section.
 {¶ 6} "* * *
 {¶ 7} "(3) A person who is subject to an order entered pursuant to division (D)(1) of this section may not institutelegal proceedings in a court of appeals, continue any legal proceedings that the vexatious litigator had instituted in a court of appeals prior to entry of the order, or make any application, other than the application for leave to proceed allowed by division (F)(2) of this section, in any legal proceedings instituted by the vexatious litigator or another person in a court of appeals without first obtaining leave of the court of appeals to proceed pursuant to division (F)(2) of this section." (Emphasis added.)
 {¶ 8} R.C. 2323.52(F)(2) states:
 {¶ 9} "A person who is subject to an order entered pursuant to division (D)(1) of this section and who seeks to institute or continue any legal proceedings in a court of appeals or to make an application, other than an application for leave to proceed under division (F)(2) of this section, in any legal proceedings in a court of appeals shall file an application for leave to proceed in the court of appeals in which the legal proceedings would be instituted or are pending. The court of appeals shall not grant a person found to be a vexatious litigator leave for the institution or continuance of, or the making of an application in, legal proceedings in the court of appeals unless the court of appeals is satisfied that the proceedings or application are not an abuse of process of the court and that there are reasonable grounds for the proceedings or application. If a person who has been found to be a vexatious litigator under this section requests the court of appeals to grant the person leave to proceed as described in division (F)(2) of this section, the period of time commencing with the filing with the court of an application for the issuance of an order granting leave to proceed and ending with the issuance of an order of that nature shall not be computed as a part of an applicable period of limitations within which the legal proceedings or application involved generally must be instituted or made."
 {¶ 10} R.C. 2323.52 is not limited to civil proceedings or to actions instituted by the vexatious litigator. See R.C.2323.52(D)(1)(c), which states a vexatious litigator may not file anything "in any legal proceedings instituted by the vexatious litigator or another person" without leave of court.
 {¶ 11} Baumgartner's notice of appeal filed on June 23, 2006 is not an application for leave to proceed, the only document she is permitted to file in this court. Thus, the June 23, 2006 notice of appeal is stricken. The clerk of courts shall not accept from Baumgartner any document for filing in the court of appeals except an application for leave to proceed.
 {¶ 12} This appeal is dismissed. Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24. Judgment for the clerk's expense incurred in preparation of the record, fees allowed by law, and the fee for filing the appeal is awarded to Erie County. It is so ordered.
Appeal dismissed.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
Pietrykowski, J. Skow, J. Parish, J. concur.
[1] Baumgartner identifies herself in her notice of appeal asElisabeth Baumgartner as opposed to Elsebeth Baumgartner as her name is spelled in the trial court documents.