[Cite as *Superior Waterproffing, Inc. v. Karnofel*, 2016-Ohio-6992.]

# IN THE COURT OF APPEALS

## ELEVENTH APPELLATE DISTRICT

## TRUMBULL COUNTY, OHIO

| | | |
|---|---|---|
| SUPERIOR WATERPROOFING, INC., | : | **O P I N I O N** |
| Plaintiff-Appellee, | : | |
| | : | **CASE NO. 2015-T-0113** |
| - vs - | : | |
| DELORES M. KARNOFEL, | : | |
| Defendant-Appellant. | : | |

Civil Appeal from the Girard Municipal Court, Case No. 2014 CVF 01065.

Judgment: Vacated in part and reversed in part; remanded.

*Ned C. Gold, Jr.*, Ford, Gold, Kovoor & Simon, Ltd., 8872 East Market Street, Warren, OH 44484 (For Plaintiff-Appellee).

*Delores M. Karnofel*, pro se, 1528 Greenwood Avenue, Girard, OH 44420 (Defendant-Appellant).

TIMOTHY P. CANNON, J.

{¶1} Appellant, Delores M. Karnofel, appeals from a judgment entry of the Girard Municipal Court issued on October 13, 2015. The trial court, inter alia, overruled appellant's motion for summary judgment, overruled appellant's motion for leave to file a motion to dismiss, and granted the motion for summary judgment filed by appellee, Superior Waterproofing, Inc. For the reasons that follow, we vacate in part and reverse in part the judgment of the municipal court.

{¶2} On December 11, 2014, appellee filed a complaint against appellant in the municipal court alleging breach of a residential waterproofing service contract. Appellee asserted it performed the services required under the contract but appellant still owed $6000 of the $9500 contract. Due to appellant's status in the state of Ohio as a vexatious litigator, she felt it necessary to request leave from the municipal court prior to filing any pleadings. The municipal court granted appellant leave to file an answer, a counterclaim, and a motion for summary judgment. Appellant maintained that appellee did not fully or adequately perform under the contract and that she is entitled to reimbursement of some of the monies already paid to appellee. Appellee responded to appellant's motion for summary judgment.

{¶3} Appellant also filed a motion for leave to file a motion to dismiss, asserting appellee is a non-existent corporation due to the cancellation of its articles of incorporation. Three days later, on October 6, 2015, appellee filed a motion to add Frank Kiepper, d.b.a. Superior Waterproofing, Inc., as a party plaintiff. Appellee admitted the corporation's charter had been revoked, but that it remained a de facto corporation.

{¶4} On October 9, 2015, appellee filed its own motion for summary judgment. Four days later, on October 13, 2015, the municipal court granted summary judgment in appellee's favor prior to receiving a response in opposition from appellant. In that entry, the municipal court also denied appellant leave to file her motion to dismiss. Two days after judgment, on October 15, 2015, the municipal court granted appellee's motion to add Frank Kiepper as a party plaintiff.

{¶5} Pursuant to R.C. 2323.52(F)(2), appellant filed a motion with this court on October 19, 2015, for leave to proceed with a notice of appeal from the October 13th

2

summary judgment. We granted her leave to proceed. Appellant filed her notice of appeal and asserts three assignments of error for our review:

> [1.] The trial court abused its discretion when it overruled appellant's motion for summary judgment and granted appellee's.
>
> [2.] The trial court abused its discretion when it denied appellant's leave to file a motion to dismiss and ignored appellant's counterclaim.
>
> [3.] Appellant's due process rights were denied, a violation of the Fourteenth Amendment, Section 1 of the United States Constitution.

{¶6} Although this matter began as a seemingly straightforward suit on an account, it has since been complicated by several procedural issues. The resolution of this appeal rests on the proper application of the vexatious litigator statute, R.C. 2323.52, and its effect on the jurisdiction of the municipal court in this matter. "Appellate courts are required to raise jurisdictional questions sua sponte." *Birmingham Assocs., LLC v. Strauss*, 11th Dist. Geauga No. 2012-G-3111, 2013-Ohio-4289, ¶11.

{¶7} Pursuant to R.C. 2323.52(D)(1), when a person is found to be a vexatious litigator, "the court of common pleas may enter an order prohibiting the vexatious litigator from doing one or more of the following without first obtaining the leave of that court to proceed:

> (a) Instituting legal proceedings in the court of claims or in a court of common pleas, municipal court, or county court;
>
> (b) Continuing any legal proceedings that the vexatious litigator had instituted in any of the courts specified in division (D)(1)(a) of this section prior to the entry of the order;
>
> (c) Making any application, other than an application for leave to proceed under division (F)(1) of this section, in any legal proceedings instituted by the vexatious litigator or another person in any of the courts specified in division (D)(1)(a) of this section.

3

{¶8} A person found to be a vexatious litigator must obtain leave "for the institution or continuance of, or the making of an application in, legal proceedings in the court of claims or in a court of common pleas, municipal court, or county court." R.C. 2323.52(F)(1). Such leave must always be obtained from the court of common pleas that entered the vexatious litigator order, regardless of which lower court the vexatious litigator wishes to appear. *Id.*; *see also Mayer v. Bristow*, 91 Ohio St.3d 3, 14 (2000).

{¶9} When it appears that a person found to be a vexatious litigator "has instituted, continued, or made an application in legal proceedings without obtaining leave to proceed from the appropriate court of common pleas or court of appeals * * *, the court in which the legal proceedings are pending shall dismiss the proceedings or application of the vexatious litigator." R.C. 2323.52(I). The Ohio Supreme Court has held that whether a vexatious litigator has obtained leave to proceed from the appropriate court is a jurisdictional issue. *State ex rel. Sapp v. Franklin County Court of Appeals*, 118 Ohio St.3d 368, 2008-Ohio-2637, ¶31; *see also Humbert v. Borkowski*, 6th Dist. Fulton No. F-05-007, 2005-Ohio-918, ¶4 (holding an order granting leave to proceed from the inappropriate court was "void and of no effect").

{¶10} Appellant was previously declared a vexatious litigator by the Trumbull County Court of Common Pleas. *See Trumbull Mem. Hosp. v. Karnofel*, 11th Dist. Trumbull No. 2008-T-0115, 2009-Ohio-1488 (affirming the trial court's order). Pursuant to R.C. 2323.52(H), a certified copy of this order was sent to the Ohio Supreme Court for publication in order to facilitate Ohio courts in refusing to accept any pleadings appellant may file without first obtaining leave to proceed.[1] The order requires appellant

---

1. A copy of this order is published at https://www.supremecourt.ohio.gov/Clerk/vexatious/.

4

to obtain leave from the Trumbull County Court of Common Pleas for the following actions:

> 1. Instituting legal proceedings in the court of claims or in a court of common pleas, municipal court, or county court.
>
> 2. Making any application, other than an application for leave to proceed under division (F)(1) of R.C. 2323.52, in any legal proceedings instituted by the vexatious litigator or another person in any of the courts specified in division (D)(1)(a) of R.C. 2323.52 [i.e., a court of common pleas, municipal court, or county court].

{¶11} It is apparent from the record of the case sub judice that, on multiple occasions, appellee raised a question regarding the municipal court's jurisdiction to grant appellant leave to file pleadings in this matter. On August 18, 2015, the municipal court issued a judgment entry, which held that appellant was not required to obtain leave to proceed in this case. It then, however, granted appellant leave to file her motion for summary judgment and continued to grant or deny appellant's motions for leave to proceed throughout the remainder of the case.

{¶12} We conclude that the municipal court improperly interpreted and applied R.C. 2323.52 in holding that appellant did not require leave to proceed in this matter, which is error as a matter of law. Appellant was in fact required to obtain leave from the Trumbull County Court of Common Pleas to file any "application" in this legal proceeding. The municipal court therefore did not have jurisdictional authority to grant or deny appellant's motions for leave to proceed with certain motions.

{¶13} In the August 18, 2015 entry, the municipal court held the following:

> [T]his Court interprets the statute as prohibiting the Defendant from the *institution* of any action without prior leave from the Common Pleas Court. The Defendant did not institute the current lawsuit. She is simply defending an action brought against her. The Court is of the position that the vexatious litigator statute was not

5

implemented to prohibit those declared to be vexatious litigators from defending actions brought against them.

According to the order declaring appellant a vexatious litigator, appellant was indeed prohibited from "instituting" legal proceedings as provided in (D)(1)(a). The municipal court did not address, however, that appellant was also prohibited from "making any application, other than an application for leave to proceed" in any legal proceedings instituted by herself "or another person," as provided in (D)(1)(c).

{¶14} R.C. 2323.52 does not define what is considered an "application," and there is minimal authority that addresses the issue. We agree, however, with the holding of *Beverly v. Lasson*, 2d Dist. Miami No. 07-CA-22, 2008-Ohio-3707. In *Beverly*, the Second District stated:

> [W]e do not believe a defendant makes an 'application' under R.C. 2323.52(D)(1)(c) when he files a memorandum opposing summary judgment. Black's Law Dictionary defines an 'application' as a request or petition for something. Merely filing a memorandum opposing summary judgment does not constitute making a request or 'application' under R.C. 2323.52(D)(1)(c).

*Id.* at ¶38, citing *Black's Law Dictionary* 98-99 (6th Ed.1990). This holding is further supported by Civ.R. 7(B)(1), which provides: "An *application* to the court for an order *shall be by motion* which, unless made during a hearing or a trial, shall be made in writing. A motion, whether written or oral, shall state with particularity the grounds therefor, and *shall set forth the relief or order sought.*" (Emphasis added.)

{¶15} Therefore, we agree appellant was not required to obtain leave to defend herself to the extent she filed an answer to the complaint and other responsive pleadings. R.C. 2323.52 is not limited, however, to actions instituted by the vexatious litigator. *See State v. Baumgartner*, 6th Dist. Erie No. E-06-045, 2006-Ohio-3792, ¶10 (applying the plain language of the statute). Appellant was, therefore, required to obtain

6

leave to file any application with the municipal court that requested an order or other relief. Such leave could only be obtained from the appropriate court, to wit: the Trumbull County Court of Common Pleas. Appellant did not obtain leave to proceed from the common pleas court. As a result, the municipal court did not have jurisdiction to accept appellant's counterclaim or to rule on appellant's motion for summary judgment. It also did not have jurisdiction to deny appellant leave to file her motion to dismiss. Those orders must be vacated and held for naught.

{¶16} "A remand to the trial court reinstates the matter on the docket, and the lower court 'is required to proceed from the point at which the error occurred.'" *Mentor Lumber & Supply Co. v. Victor*, 11th Dist. Lake No. 91-L-083, 1992 Ohio App. LEXIS 1727, *3 (Mar. 31, 1992), quoting *Armstrong v. Marathon Oil Co.*, 32 Ohio St.3d 397, 418 (1987). Here, the error occurred on August 18, 2015, when the municipal court improperly accepted jurisdiction over any applications filed by appellant without leave from the common pleas court. We must, therefore, vacate the trial court's October 13, 2015 judgment entry as it pertains to appellant's motion for summary judgment and appellant's motion for leave to file a motion to dismiss.

{¶17} We must also reverse the trial court's October 13, 2015 judgment entry as it pertains to appellee's motion for summary judgment. As provided in Civ.R. 56(C), after service of a motion for summary judgment, the nonmoving party is permitted 28 days in which to respond. Here, the municipal court granted summary judgment in favor of appellee only four days after the motion was filed. Appellant was not required to obtain leave to file a memorandum in response, and appellant had 24 days remaining within which to do so under the rule.

{¶18} Appellant's first and second assignments of error have merit to the extent indicated.

{¶19} Appellant's third assignment of error alleges the municipal court was biased against her because she is a female, pro se litigant. There is absolutely nothing in the record to support this contention. The assignment of error is without merit.

{¶20} We reiterate that appellant is not required to request leave—from any court—in order to file responsive pleadings in this matter. Should appellant desire to file any application (i.e., motion, counterclaim, or any other request for relief) with the municipal court, she must first obtain leave to proceed from the Trumbull County Court of Common Pleas. The Trumbull County Court of Common Pleas has discretion to require appellant to file a motion for leave to proceed for each application she may file, or it may grant appellant leave to proceed for all, or a specific set of, applications with regard to this litigation. Should appellant file an application with the Girard Municipal Court without first obtaining proper leave, the municipal court shall dismiss the application pursuant to R.C. 2323.52(I); it also does not have authority to grant or deny motions for leave to proceed in this regard.

{¶21} For the reasons provided herein, we vacate in part and reverse in part the October 13, 2015 judgment of the Girard Municipal Court. This matter is remanded to the Girard Municipal Court for further proceedings consistent with this opinion.

CYNTHIA WESTCOTT RICE, P.J.,

THOMAS R. WRIGHT, J.,

concur.

8