[Cite as *Filby v. Filby*, 2018-Ohio-907.]

# IN THE COURT OF APPEALS

## ELEVENTH APPELLATE DISTRICT

## GEAUGA COUNTY, OHIO

| | | |
|---|---|---|
| TRICIA FILBY, | : | **MEMORANDUM OPINION** |
| Plaintiff-Appellee, | : | |
| - vs - | : | **CASE NO. 2017-G-0142** |
| DAVID LEE FILBY, | : | |
| Defendant-Appellant. | : | |

Civil Appeal from the Geauga County Court of Common Pleas, Case No. 13 DC 000638.

Judgment: Appeal dismissed.

*Robert E. Zulandt, Jr.*, Robert E. Zulandt Co., LPA, 100 Center Street, Suite 201-B, Chardon, OH 44024 (For Plaintiff-Appellee).

*David Lee Filby*, pro se, 8850 Robinson Road, Chardon, OH 44024 (Defendant-Appellant).

TIMOTHY P. CANNON, J.

{¶1} David Lee Filby has filed a notice of appeal from the October 16, 2017 judgment of the Geauga County Court of Common Pleas declaring him a vexatious litigator under R.C. 2323.52. For the following reasons, Mr. Filby's notice of appeal is dismissed for lack of jurisdiction.

{¶2} Pursuant to R.C. 2323.52(D)(1), the trial court determined Mr. Filby "shall NOT institute any new proceeding, or file any pleading in any pending proceeding in any Ohio Court including a Municipal Court, a County Court, a Court of Common Pleas, a Court of Appeals or the Court of Claims without first providing a Certified Copy of this

order to such a Court and obtaining leave from that Court."

{¶3} Here, Mr. Filby filed an application with the trial court for leave to proceed in this court, which the trial court purported to grant. The trial court, however, did not have jurisdiction to grant Mr. Filby leave to proceed in the court of appeals, pursuant to R.C. 2323.52(D)(3) & (F)(2), and the order is therefore void and of no effect. *See Humbert v. Borkowski*, 6th Dist. Fulton No. F-05-007, 2005-Ohio-918.

{¶4} Mr. Filby did not file an application in this court for leave to proceed with this court until February 9, 2018. However, the time within which to do so has expired. *See State ex rel. Sapp v. Franklin Cty. Court of Appeals*, 118 Ohio St.3d 368 (2008), at ¶27-30, citing App.R. 3 & 4. Thus, as a designated vexatious litigator, Mr. Filby has not satisfied the statutory requirement for instituting a new appellate proceeding. This court lacks jurisdiction to proceed.

{¶5} The author of the attached concurring opinion has exploited this straightforward dismissal as an opportunity to misconstrue a holding of this court in an unrelated case. Her portrayal of this writer's position in that case is inaccurate. As was aptly stated therein, the disagreement concerned what actions the word "shall" was intended to apply, not the definition of "shall." As it is not worthwhile to elaborate any further in response to an injudicious assertion of no moment to the case sub judice, I shall not.

{¶6} Appeal dismissed.


THOMAS R. WRIGHT, P.J., concurs,

DIANE V. GRENDELL, J., concurs in judgment only with a Concurring Opinion.

_____

2

DIANE V. GRENDELL, J., concurs in judgment only with a Concurring Opinion.

{¶7} I concur in the decision of this court, holding that Filby, as a vexatious litigator, was required to seek leave of this court to file an appeal. His failure to do so necessitates the dismissal of his appeal. I write separately, however, to emphasize the writing judge's inconsistency in interpreting and applying the law.

{¶8} The writing judge in the present matter applies R.C. 2323.52(D)(3) and (F)(2) to reach a finding that Filby was required to file for leave to proceed before this court rather than in the trial court. This is an accurate conclusion, as R.C. 2323.52(F)(2) requires that a person seeking leave to institute or continue legal proceedings in a court of appeals "shall file an application for leave to proceed in the court of appeals * * *." The statute's use of the word "shall" mandates the conclusion reached by the writing judge: that the act of filing for leave in this court is mandatory. However, such an application of the word "shall" differs from the meaning he has assigned to this word in the past.

{¶9} In *State ex rel. Flaiz v. MERSCORP*, 11th Dist. Geauga No. 2016-G-0079, 2017-Ohio-7126, the majority of this court failed to find the word "shall" had a mandatory nature. In that case, we applied R.C. 5301.25 and 5301.32, which require that pertinent documentation, "including mortgages and assignments '**shall be recorded**' in the office of the county recorder." *Id.* at ¶ 36 (Grendell, J., dissenting). As was explained in my dissenting opinion, the interpretation of the word "shall" could not be questioned, since the Ohio Supreme Court has repeatedly held that "shall" is to be "interpreted to make *mandatory* the provision in which it is contained, absent a clear and unequivocal intent that it receive a construction other than its ordinary meaning." (Emphasis added.) *Id.*, citing *State v. Palmer,* 112 Ohio St.3d 457, 2007-Ohio-374, 860 N.E.2d 1011, ¶ 19,

3

quoting *Lakewood v. Papadelis,* 32 Ohio St.3d 1, 3-4, 511 N.E.2d 1138 (1987); *Risner v. Ohio Dept. of Natural Resources, Ohio Div. of Wildlife*, 144 Ohio St.3d 278, 2015-Ohio-3731, 42 N.E.3d 718, ¶ 16.

{¶10} While the writing judge now recognizes the legally accurate and undisputable definition of "shall," by applying R.C. 2323.52(F)(2)'s mandatory requirement to justify dismissal of the appeal, such was not the case in *Flaiz*. Instead, the majority there ignored the mandatory nature of the term "shall" and found that recordation was **allowed** but not **required**. This was the opposite of the correct meaning of the word "shall" and the meaning now advanced by the writing judge in the present case. The prior act of redefining the word "shall" created a situation in which this court is inconsistent in its interpretation and application of a basic statutory term.

{¶11} As I explained in *Flaiz*, the majority's decision to hold that "'shall' does not really mean 'shall,' but rather means 'may,'" was an "'Alice through the Looking Glass' interpretation of the English language [that] will cause confusion when considering the many statutes that use the term 'shall.'" *Id.* at ¶ 42. That serious concern has now come to fruition. Given the opinion here, it is necessary that, going forward, this court recognize the correct mandatory meaning of this term and use it appropriately in future decisions. It is critical for this court to maintain consistency in its decisions, to provide guidance to appellants and attorneys.

{¶12} The writing judge's erroneous contention that the majority's holding in *Flaiz* is somehow unrelated to the present matter is disingenuous. In order to ensure the aforementioned consistency that is of critical importance in appellate court decisions, it is necessary to refer to and examine prior opinions. The relevance of *Flaiz*, then, is

4

apparent and indisputable. The writing judge's inexplicable failure to recognize the inconsistencies in his rulings is injudicious.

{¶13} For the foregoing reasons, I concur in judgment only.