OPINION
{¶ 1} William Godale appeals the judgment of the Geauga County Court of Common Pleas, granting summary judgment in favor of David P. Joyce, as Geauga County Prosecutor, and declaring Godale to be a vexatious litigator, pursuant to R.C. 2323.52.
 {¶ 2} The instant action was filed on June 6, 2005, by appellee, in his official capacity as Geauga County Prosecutor, following a protracted dispute related to appellant's use of property located at 8216 Mayfield Road, in Chester Township, Geauga County, Ohio.[1] The complaint alleged that appellee, as the statutory legal representative of Chester Township, Ohio, "has defended against habitual and persistent vexatious conduct in the Geauga County Court of Common Pleas as well as in other courts," in various civil actions instituted by appellant against the Township.
 {¶ 3} Appellant, acting pro se, answered and filed a counterclaim, essentially claiming that he was deprived of the lawful use of his property through the Township's enforcement of its zoning regulations.[2] Furthermore, at least one of the underlying cases included a motion to show cause where incarceration was imposed.
 {¶ 4} After the filing and disposition of several pleadings and motions by appellant, including a motion for change in venue to federal court, a motion for stay pending the trial court's ruling on the motion to change venue, and a motion requesting leave to amend his complaint,[3] all of which were denied, appellee filed his motion for summary judgment on December 1, 2005.
 {¶ 5} On December 12, 2005, appellant filed a "Motion for leave to file his Brief in Opposition to Plaintiffs Motion for Summary Judgment and Reply Brief to Plaintiffs Opposition Motion to Defendant's Motion for Leave to Amend, Instanter," which, based upon its content, the trial court construed as appellant's Motion in Opposition to appellee's Motion for Summary Judgment.
 {¶ 6} On January 31, 2006, the trial court granted summary judgment in favor of appellee, and declared appellant a vexatious litigator. Pursuant to this order, appellant is prohibited from "instituting or continuing any legal proceedings in the Court of Claims, in the Court of Common Pleas, [any] Municipal Court [of the county] or County Court, without first obtaining leave" to proceed from the Geauga Court of Common Pleas. See R.C. 2323.52(D)(1)(a), (b) and (c).
 {¶ 7} Appellant timely appealed, assigning the following as error:
 {¶ 8} "[1.] Whether the trial court abused its discretion when granting the appelles [sic] motion for summary judgment in violation of the Ohio and United States Constitutions.
 {¶ 9} "[2.] Whether the trial court abused its discretion when the trial court refused to provide findings of facts and conclusions of law, in violation of the Ohio and United States Constitutions.
 {¶ 10} "[3.] Whether the appellees violated Ohio Rule of Civil Procedure 11 and R.C. 2323.52 when an assistant prosecuting attorney commenced an action to declare the appellant a vexatious litigator when the action must be specifically commenced by the duly elected prosecutor him and/or herself."
 {¶ 11} We consider the assignments of error in order.
 {¶ 12} "`"Summary judgment is a procedural device to terminate litigation and to avoid formal trial when there is nothing to try."`"Murphy v. Reynoldsburg, 65 Ohio St.3d 356, 358-359. Thus, summary judgment is proper when three conditions are satisfied: (1 ) there is no genuine issue of material fact; (2) the moving party is entitled to judgment as a matter of law; and (3) reasonable minds can come to but one conclusion, and that conclusion is adverse to the party against whom the motion for summary judgment is made. Civ.R. 56(C); Mootispaw v.Eckstein (1996), 76 Ohio St.3d 383, 385; Harless v. Willis DayWarehousing Co. (1976), 54 Ohio St.2d 64, 66. In reviewing a motion for summary judgment, the court must construe the evidence in a light most favorable to the nonmoving party. Doe v. Shaffer (2000),90 Ohio St.3d 388, 390. Since a trial court's decision whether or not to grant summary judgment involves only questions of law, an appellate court conducts a de novo review of the trial court's judgment. Grafton v. Ohio EdisonCo. (1996), 77 Ohio St.3d 102, 105. A de novo review requires the appellate court to conduct an independent review of the evidence before the trial court without deference to the trial court's decision.Brown v. Scioto Cty. Bd. of Commrs. (1993), 87 Ohio App.3d 704, 711. (Citation omitted.)
 {¶ 13} Under Civ.R. 56(C), "the moving party bears the initial responsibility of informing the trial court for the basis for the motion, and identifying those portions of the record before the trial court which demonstrate the absence of a genuine issue of fact on a material element of the nonmoving party's claim." Dresher v. Burt
(1996), 75 Ohio St.3d 280, 292. (Citation omitted.) "If the moving party fails to satisfy its initial burden, the motion for summary judgment must be denied." Id. at 293.
 {¶ 14} In granting appellee's motion for summary judgment, the trial court found appellant to be a "vexatious litigator." A "`[v]exatious litigator' means any person who has habitually, persistently, and without reasonable grounds engaged in vexatious conduct in a civil action or actions * * * [.]" R.C. 2323.52(A)(3).
 {¶ 15} "Vexatious conduct' means conduct of a party in a civil action that satisfies any of the following:
 {¶ 16} "(a) The conduct obviously serves merely to harass or maliciously injure another party to the civil action.
 {¶ 17} "(b) The conduct is not warranted under existing law and cannot be supported by a good faith argument for an extension, modification, or reversal of existing law.
 {¶ 18} "(c) The conduct is imposed solely for delay." R.C.2323.52(A)(2).[4]
 {¶ 19} Although the evidence was not properly authenticated, this court observes that Mr. Godale was only a plaintiff in one of the underlying proceedings and that, in all other proceedings, he was a defendant or appellant defending against the state's action. Mr. Godale has not initiated a majority of the litigation. He has, however, represented himself predominately pro se, with minimal success.
 {¶ 20} In support of his motion for summary judgment, appellee relied upon the affidavit of Rebecca Schlag, Assistant Prosecuting Attorney for Geauga County. Ms. Schlag averred that since her employment with the prosecutor's office commenced in January 1999, she had been involved as counsel or co-counsel in three cases in common pleas, and five before this court, involving appellant. Ms. Schlag further averred that her personal examination of the case filings revealed twenty-three separate instances in which appellant argued either that the court of common pleas lacked subject matter jurisdiction, or that enforcement of the injunction and/or Chester Township zoning regulations constituted an unlawful deprivation of his livelihood. Attached to Ms. Schlag's affidavit were the docket sheets from five of the actions involving appellant, as well as a judgment entry from Geauga County Court of Common Pleas Case No. 81M167, finding appellant in contempt of the July 2, 1982 injunction.
 {¶ 21} Civ.R. 56(E) governing the form and use of affidavits in summary judgment proceedings provides, in pertinent part:
 {¶ 22} "* * * [affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated in the affidavit. Sworn or certified copies of all papers orparts of papers referred to in an affidavit shall be attached or servedwith the affidavit." (Emphasis added.)
 {¶ 23} Ms. Schlag's affidavit is insufficient under Civ.R. 56(E), since none of the papers relied on by her in making that affidavit, including the docket sheets, are sworn or certified. Without proper Civ.R. 56 evidence in the record, there was no basis for the trial court to grant the summary judgment motion.
 {¶ 24} Appellant's first assignment of error is with merit.
 {¶ 25} In his second assignment of error, appellant argues that the trial court erred by refusing to provide findings of fact and conclusions, as requested, following the court's grant of summary judgment in favor of appellee. Appellant relies on the language of Civ.R. 52, which provides "[w]hen questions of fact are tried by the court without a jury, judgment may be general for the prevailing party unless one of the parties in writing requests otherwise before the entry of judgment * * * or not later than seven days after the party filing the request has been given notice of the court's announcement of its decision, whichever is later, * * * the court shall state in writing the conclusions of fact found separately from the conclusions of law." Appellant's argument is misplaced.
 {¶ 26} By its plain terms, Civ.R. 52 applies only to trials without a jury on "questions of fact." Summary judgment, on the other hand, is appropriate only when there are no genuine issues of material fact to be decided. Civ.R. 56(C). A reading of the language of Civ.R. 52 reveals that "[findings of fact and conclusions of law required by this rule * * * are unnecessary upon all other motions, including those pursuant to ** * Rule 56." (Emphasis added.) Thus, there was no error in the trial court's denial of appellant's request.[5]
 {¶ 27} Appellant's second assignment of error is without merit.
 {¶ 28} In his third assignment of error, appellant contends that appellee violated Civ.R. 11 and R.C. 2323.52, since the action was not "specifically commenced by the duly elected prosecutor him and/or herself." We find no such requirement in either the statute or the rule.
 {¶ 29} R.C. 2323.52(B) provides, "[a] person, the office of the attorney general, or a prosecuting attorney * * * who has defended against habitual and persistent vexatious conduct * * * may commence a civil action in a court of common pleas with jurisdiction over the person who allegedly engaged in the * * * vexatious conduct to have that person declared a vexatious litigator." (Emphasis added.)
 {¶ 30} Civ.R. 11 provides that "[e]very pleading * * * of a party represented by an attorney shall be signed by at least one attorney of record in the attorney's individual name * * * [.]"
 {¶ 31} Thus, there is no requirement in either the statute or the rule that the action be brought by the duly elected prosecuting attorney. Since Ms. Schlag is an assistant prosecuting attorney who has defended against the alleged vexatious conduct, and an attorney of record, she was able to file the complaint in her own name without violating the plain terms of the statute or the rule. Furthermore, R.C. 309.06(A) makes clear that an assistant prosecuting attorney is a statutory agent of the elected prosecutor. As such, Ms. Schlag is authorized to act on the prosecutor's behalf as one who is "necessary for the proper performance of the duties of [the] office * * * [.]"
 {¶ 32} Appellant's third assignment of error is without merit.
 {¶ 33} For the foregoing reasons, we reverse the judgment of the Geauga County Court of Common Pleas, and remand this matter for further proceedings consistent with this opinion.
WILLIAM M. O'NEILL, J., concurs,
DIANE V. GRENDELL, J., concurs, in part, and dissents, in part, with a Concurring/Dissenting Opinion.
[1] Appellant is the sole employee and officer of Master Realty, an Ohio corporation, which is the record owner of the property in question.
[2] On July 2, 1982, the trial court issued a permanent injunction ordering appellant "to refrain from `storing, keeping or allowing to remain upon [the property] * * * any and all trucks, trailers, semi-trailers, vehicles for sale or storage, or any other vehicles for repair or maintenance, except such small motor vehicles as are in daily use by employees.'" The injunction further prohibited appellant from "`storing * * * junk, litter, unsightly debris, or any vehicles, supplies or equipment which is unsightly or will contribute to or cause the obscuring of visibility for drivers of motor vehicles * * * and * * * from performing any spray painting of motor vehicles on the premises'" and "`from conducting any business for which a lawful permit had not been obtained, and from operating and maintaining the premises in such a manner as to cause a nuisance in violation of the zoning resolution of Chester Township and/or the Revised Code of Ohio[.]'" Bd. of Trustees ofChester Twp. v. Baumgardner, 11th Dist. No. 2002-G-2430, 2003-Ohio-4361, at ¶ 2. It appears from the record that Godale has been operating an automobile related business from the location, including a towing service, and a used automobile sales and repair facility, both of which were found to be in violation of the injunction. For other details related to this case, see Godale v. Chester Twp. Bd. of Trustees, 11th Dist. No. 2004-G-2571, 2005-Ohio-2521.
[3] Attached to appellant's motion for leave to amend his complaint was an amended "Answer and Counter Complaint," raising various violations of constitutional and statutory rights under Ohio and federal law, against ten named defendants, and "John Does 1 x 100" as employees of Chester Township. The proposed amended complaint also included claims for "Conspiracy to Commit Official Oppression," "Intentional Infliction of Emotional Distress," and "Invasion of Privacy."
[4] Once a person is found to be a vexatious litigator, the court of common pleas making such finding may preclude that person from doing the following without first obtaining leave of that court to proceed:
"(a) Instituting legal proceedings in the court of claims or in a court of common pleas, municipal court, or county court;
"(b) Continuing any legal proceedings that the vexatious litigator had instituted in any of the courts specified in division (D)(1)(a) of this section prior to the entry of the order;
"(c) Making any application, other than an application for leave to proceed under division (F)(1) of this section, in any legal proceedings instituted by the vexatious litigator or another person in division D(1)(a) of this section." R.C. 2323.52(D)(1).
It is interesting to note that the statute does not specify or exclude defendants in a civil proceeding. However, all the remedies afforded to the court in curtailing and limiting a vexatious litigator's ability to harass parties through implementing legal proceedings against them have to do with limiting a party's ability to initiate proceedings.
[5] We note that findings of fact and conclusions of law, while not necessary in Civ.R. 56 proceedings, are always helpful to this court even if our review is de novo.