{¶ 46} I respectfully disagree with the majority's conclusions regarding the second assignment of error. Allowing your client to plead guilty to a count in an indictment predicated, in part, on prior convictions, when a check of those cases' dockets would have revealed uncounseled pleas occurred in those cases, could very well support an ineffective assistance of counsel claim under Strickland, supra.
 {¶ 47} In relation to the first assignment of error, the majority cites to various appellate opinions for the proposition that courts may not take judicial notice of prior proceedings, or proceedings in other courts. I believe this authority more properly relates to the second assignment of error, which the majority seems to dispose of on the basis of authority concerning alleged coerced pleas — which has nothing to do with this case. *Page 13 
 {¶ 48} The true purpose of the rule against courts taking judicial notice of prior proceedings was well stated by the Eighth District in a quote cited by the majority: "[t]he rationale for this holding is that, if a trial court takes notice of a prior proceeding, the appellate court cannot review whether the trial court correctly interpreted the priorcase because the record of the prior case is not before the appellate court." D B Immobilization, supra, at 53. (Emphasis added.) I agree that, absent res judicata, litigants should not be deprived of their chance to try a particular case on its merits, simply because a prior, possibly related proceeding, resulted in a particular outcome. The specific laws applicable to each case, the facts, the standards of proof, will vary.
 {¶ 49} This rationale is simply inapplicable to the situation in which appellant finds himself. We are not reviewing a situation where the trial court, or we, are being asked to interpret a prior holding. We are being asked to consider simple facts: whether the dockets of appellant's prior convictions which are in our clerk's office and are part of the public record, show he made uncounseled pleas? If so, it is clearly ineffective assistance of counsel.
 {¶ 50} I disagree with those courts, including this one, inMaloney, supra at 11-12, holding that court records may not be used for determining the existence of facts-particularly facts which would only appear in those records, on the docket in our clerk's office, such as whether a criminal defendant was represented by counsel. It is certainly not a universal rule in Ohio. As the Ninth Appellate District has noted: "[c]ourts commonly take judicial notice of documents filed in other courts." State ex rel. Church v. Court of Common Pleas, Lorain Cty. (Feb. 12, 1997), 9th Dist. No. 96CA006398, *Page 14 
1997 Ohio App. LEXIS 1966, at 1, citing Kramer v. Time Warner, Inc. (C.A.2, 1991), 937 F.2d 767, 774; accord, Joyce v. Godale, 11th Dist. No. 2006-G-2692, 2007-Ohio-473, at ¶ 42 (Grendell, J., concurring in part, and dissenting in part). Courts can take judicial notice of dockets. I believe this runs counter to the clear mandate of Evid.R. 201(B), which provides, in pertinent part:
 {¶ 51} "[a] judicially noticed fact must be one not subject to reasonable dispute in that it is either * * * (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned."
 {¶ 52} In this day of computerized records, including our clerk's court dockets, it is no burden to obtain and review such records. The trial courts regularly rely on their dockets. The facts contained therein are not subject to questioning. In a case such as this, we should take judicial notice of the relevant dockets, to determine if appellant's prior convictions arose from uncounseled pleas. If so, appellant pleaded guilty, in effect, to a non-existent crime.
 {¶ 53} I concur regarding the first assignment of error, because the trial court was never given the chance to consider whether appellant's prior pleas were uncounseled. I must respectfully dissent regarding disposition of the second. *Page 1