DECISION AND JUDGMENT ENTRY
{¶ 1} Plaintiffs-appellants, Libby Walker, et al., have filed a motion to dismiss the cross-appeal of defendants, Firelands Community Hospital, et al., and a request for this court to determine whether the trial court's order from which plaintiffs themselves have appealed is final and appealable. For the reasons that follow, we grant the motion to dismiss the cross-appeal and find that the order from which appellants have taken this appeal is final and appealable.
 {¶ 2} Plaintiffs, former patients of the hospital, filed a complaint against defendants setting forth six counts in connection with defendants' handling of fetal tissue resulting from miscarriages and stillbirths. The counts are: (1) Unlawful Possession of a Corpse and Inhumane Disposition of a Fetus in violation of R.C. 1713.39 and R.C. 3701.352, (2) Common Law Mishandling of a Body or Fetus, (3) Fraud by Omission (against defendant Firelands Hospital only), (4) Negligent Infliction of Emotional Distress, (5) Intentional Infliction of Emotional Distress, and (6) punitive damages. The defendants filed a motion for summary judgment on all counts. The trial court granted summary judgment to defendants on Counts 1, 2, 3, and 4 and continued the case as to Counts 5 and 6. The court's decision was entered on the court's journal on March 2, 2006, and contains a determination that there is no just cause for delay pursuant to Civ.R. 54(B).
 {¶ 3} Plaintiffs filed their notice of appeal challenging the trial court's grant of summary judgment to defendants on the first four counts of the complaint and defendants filed a notice of appeal from the denial of their motion for summary judgment on Counts 5 and 6 of the complaint.
 {¶ 4} We will first address the motion to dismiss defendants' cross-appeal. The denial of a motion for summary judgment is not a final appealable order. State ex rel. Overmeyer v. Walinski
(1966), 8 Ohio St.2d 23. Further, the addition of a Civ.R. 54(B) determination that there is no just reason for delay does not make an order denying summary judgment appealable. InternatlBhd. of Elec. Workers v. Vaughn Industries, Inc., 6th Dist. No. WD-05-091, 2006-Ohio-475, at ¶ 24.
 {¶ 5} Finding that defendants' cross-appeal is taken from a non-final appealable order, we grant the motion to dismiss the cross-appeal.
 {¶ 6} We now turn to the request of plaintiffs-appellants for a determination by this court on whether their appeal is from a final appealable order. Appellants correctly state that, "[a]n order of a court is a final, appealable order only if the requirements of both Civ.R. 54(B), if applicable, and R.C.2505.02 are met." Chef Italiano Corp. v. Kent State Univ.
(1989), 44 Ohio St.3d 86, syllabus. In Chef Italiano, the Supreme Court of Ohio held that where the trial court dismissed two claims against certain defendants, continued the case as to two additional claims against those defendants, and included a Civ.R. 54(B) no just reason for delay determination, the order was not appealable because it did not meet the requirements of R.C. 2505.02, that is, it did not determine plaintiff's entire action and prevent it from obtaining a judgment against those defendants. Appellants opine that the same situation is present in this case and, therefore, Civ.R. 54(B) cannot be used to make the partial grant of summary judgment appealable.
 {¶ 7} It is clear in reading Chef Italiano that Civ.R. 54(B) can be used to make a grant of summary judgment to a defendant on all claims against that defendant appealable even when there are other outstanding claims against other parties left in the case. The question raised in the instant appeal is whether a Civ.R. 54(B) certification of no just reason for delay will make a grant of summary judgment to a defendant on fewer than all the claims against that defendant final and appealable. In Chef Italiano, four claims were made against one group of defendants identified as "Testa." The counts were for specific performance of a real estate contract, an action to quiet title, breach of a fiduciary duty, and breach of a real estate contract, all in connection with a real estate sale gone bad. The trial court granted summary judgment to Testa on only the specific performance and quiet title claims, and stated that there is no just reason for delay pursuant to Civ.R. 54(B), which, at the time, read:
 {¶ 8} "Judgment Upon Multiple Claims or Involving Multiple Parties. When more than one claim for relief is presented in an action or when multiple parties are involved, the court may enter final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay. * * *"
 {¶ 9} In Chef Italiano, the court held that even though the trial court disposed of two of plaintiff's four claims against the defendant and the court found there is no just reason for delay pursuant to Civ.R. 54(B), the order granting partial summary judgment was not appealable because it does not meet the requirement of R.C. 2505.02 that a final order is one which "determines the action and prevents a judgment." The court stated that as long as the defendant could still be held liable to plaintiff for the two outstanding claims in the one real estate action, a judgment against it was not totally prevented and the order was not final.
 {¶ 10} Chief Justice Moyer's dissent in Chef Italiano
states that the majority's result is "inconsistent with the plain language and purpose of Civ.R. 54(B). * * * Under Civ.R. 54(B), the order of the trial court does not need to determine the [entire] action, but only one or more of the multiple claims within the action, to be appealable." Chef Italiano at 91.
 {¶ 11} The majority's outcome in Chef Italiano was in contravention of an earlier case from the Ohio Supreme Court,Alexander v. Buckeye Pipe Line Co. (1977), 49 Ohio St.2d 158, where the court held:
 {¶ 12} "The general purpose of Civ.R. 54(B) is to make a reasonable accommodation of the policy against piecemeal appeals with the possible injustice sometimes created by the delay of appeals-a possibility rendered more likely by procedural rules allowing liberalized joinder of parties and claims. In this cause, the trial court granted a motion for partial summary judgment and dismissed seven of eight causes of action in plaintiffs' complaint. Those causes of action included claims of trespass, unlawful appropriation of plaintiffs' property, violation of contractual rights, and engaging in an ultra-hazardous activity. The cause of action remaining before the trial court is that plaintiffs' property was damaged by an explosion of the pipeline. Upon the state of these pleadings, the trial court did not abuse its discretion in finding that there was no just reason to delay an appeal of the dismissed claims, and its dismissal of those claims was accordingly a final appealable order." Id. at 160.
 {¶ 13} In response to the Chef Italiano case, Civ.R. 54(B) was amended effective July 1, 1992. The 1992 amendment added the following italicized language to the rule, which now reads:
 {¶ 14} "When more than one claim for relief is presented in an action, whether as a claim, counterclaim, cross-claim, or third-party claim, and whether arising out of the same orseparate transactions, or when multiple parties are involved, the court may enter final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay. * * *"
 {¶ 15} The 1992 Staff Notes to the rule state:
 {¶ 16} "The amendment to Civ.R. 54(B) is intended to complement an amendment to App.R. 4 also effective July 1, 1992. The purpose of both amendments is to clarify the applicability of Civ.R. 54(B) to a judgment on less than all of the claims arising out of the same transaction as well as separate transactions and to the immediate appealability of that judgment. A question as to the applicability of Civ.R. 54(B) to multiple claims arising out of the same transaction and the appealability of a Civ.R. 54(B) judgment to those claims and appealability was raised by the decision of the Supreme Court in Chef Italiano Corp. v. KentState University (1989), 44 Ohio St.3d 86, 541 N.E.2d 64. The rule is amended to expressly state that it does apply to multiple claims that arise out of the same or separate transactions."
 {¶ 17} In 1996, after the rule change, the Supreme Court of Ohio had occasion to address the issue in State ex rel. Wrightv. Adult Parole Auth. (1996), 75 Ohio St.3d 82. The court stated:
 {¶ 18} "This case does not involve multiple parties; however, because it * * * involve[s] multiple claims, we must consider the application of Civ.R. 54(B) * * *.
 {¶ 19} "Appellee, in his complaint * * * seeking reinstatement of his parole and release from prison, styled his two arguments as two `claims for relief': (1) the APA failed to give him a final parole hearing within a reasonable time, in violation of R.C. 2967.15(A), and (2) the APA erroneously relied on the evidence obtained by Fisher and the police in their illegal searches of his residence in the parole revocation determination. * * *. For our Civ.R. 54(B) analysis, we must determine if appellee's arguments were two distinct `claims for relief' in Civ.R. 54(B) parlance. If appellee did present two distinct claims for relief, we must examine the way the court of appeals handled them to determine if it was necessary for the court to include Civ.R. 54(B) language, indicating that "there is no just reason for delay" in order to make the order appealable. * * *.
 {¶ 20} "Civ.R. 54(B) is based on Fed.R.Civ.P. 54(b), see Staff Notes to Civ.R. 54(B)-therefore, we look for guidance to authorities interpreting the federal rule. If claims are factually separate and independent, multiple claims are clearly present. 10 Wright, Miller Kane, Federal Practice and Procedure (2 Ed. 1983) 63, Section 2657. Two legal theories that require proof of substantially different facts are considered separate claims for purposes of Civ.R. 54(B). See N.A.A.C.P. v. Am.Family Mut. Ins. Co. (C.A.7, 1992), 978 F.2d 287, 292. Civ.R. 54(B) was amended, effective July 1, 1992, to expressly state that it does apply to multiple claims that arise out of the same transaction, as well as separate transactions (just as Fed.R.Civ.P. 54[b] has been construed to apply). See Staff Note to July 1, 1992 Amendment to Civ.R. 54(B)." Id. at 85-86.
 {¶ 21} In 2002, the Ninth District Court of Appeals addressed this issue in Ferraro v. B.F. Goodrich Co.,149 Ohio App.3d 301, 2002-Ohio-4398. In that case an employee filed a complaint against a former employer alleging age discrimination, breach of contract, and tortious wrongful discharge in connection with his termination from employment. The trial court dismissed the age discrimination and tortious wrongful discharge claims and determined that "there is no just reason for delay" pursuant to Civ.R. 54(B). In addressing the final appealability issue, the court of appeals stated:
 {¶ 22} "While appellant could still obtain relief on his breach-of-contract claim, the breach-of-contract claim requires proof of different facts, involves separate legal issues, and provides for different relief than appellant's age-discrimination and wrongful-discharge claims. Accordingly, we find the order from which appellant has appealed to be final." Id. at ¶ 18.
 {¶ 23} Based on the 1996 Wright case, we hold that an order that disposes of fewer than all of the claims in an action, and contains a Civ.R. 54(B) determination that there is no just reason for delay, is appealable if the claim or claims disposed of are entirely disposed of and either of the following applies. First, are the disposed of claim(s) factually separate and independent from the remaining claim(s)? An example would be claims that are based on different transactions or occurrences such as one claim for slander and another for negligence because of an automobile accident. Second, if the claims are not factually separate and independent, do the legal theories presented in the disposed of claim(s) require proof of substantially different facts and/or provide for different relief from the remaining claim(s)?
 {¶ 24} In applying this test, we find that the four dismissed claims are not factually separate and independent from the two remaining claims. All claims stem from the same set of facts. However the four dismissed claims do require proof of different facts and provide for different relief from the two remaining claims. The remaining emotional distress claims based on the alleged mishandling of fetal tissue require proof of facts different from and over and above those required to prove the mishandling of fetal tissue claims.
 {¶ 25} Accordingly, we find that the order granting summary judgment on four of the six claims against defendants is final and appealable.
 {¶ 26} The cross-appeal filed by defendants, Firelands Community Hospital, et al., challenging the denial of their motion for summary judgment on the emotional distress claims is ordered dismissed. Cross-appellants are ordered to pay the costs of the cross-appeal pursuant to App.R. 24.
CROSS-APPEAL DISMISSED.
Handwork, J., Pietrykowski, J., Skow, J., concur.