[Cite as *Portfolio Recovery Assoc., L.L.C. v. Dahlin*, 2011-Ohio-4436.]

COURT OF APPEALS
KNOX COUNTY, OHIO
FIFTH APPELLATE DISTRICT


PORTFOLIO RECOVERY ASSOCIATES, LLC

        Plaintiff-Appellee

-vs-

ROY W. DAHLIN, JR., ET AL

        Defendant-Appellant

| | |
|---|---|
| | JUDGES: |
| : | Hon. W. Scott Gwin, P.J. |
| : | Hon. John W. Wise, J. |
| : | Hon. Patricia A. Delaney, J. |
| : | |
| : | |
| : | Case No. 10-CA-000020 |
| : | |
| : | |
| : | O P I N I O N |


CHARACTER OF PROCEEDING:        Civil appeal from the Mount Vernon
                                    Municipal Court, Case No. 09CVF00600

JUDGMENT:        Affirmed


DATE OF JUDGMENT ENTRY:        September 1, 2011



APPEARANCES:

For Plaintiff-Appellee

GREGGORY B. ELZEY
Javitch, Block & Rathbone LLC
140 E. Town Street, Ste. 1250
Columbus, OH 43215

For Defendant-Appellant

ROY DAHLIN PRO SE
9 Mermary Drive
Fredericktown, OH 43019

*Gwin, P.J.*

{¶1} Defendants-appellants Roy W. Dahlin, Jr. and Suellen Dahlin appeal a summary judgment of the Municipal Court of Mount Vernon, Knox County, Ohio, entered in favor of plaintiff-appellee Portfolio Recovery Associates, LLC on its complaint for money due and owing on a credit card account, in the amount of $8,992.27 plus interest at 4% per annum. Appellants assign thirteen errors to the trial court:

{¶2} "I. SPURGEON ERRED WHEN HE WITHOUT AUTHORITY AND PREJUDICIALLY SHORTENED THE TIME PERIOD FOR RESPONSES TO PRA'S REQUESTS FOR DISCOVERY AND SPECIFICALLY TO ADMISSIONS PRESCRIBED IN CIV. R. 36 (A)(1).

{¶3} "II. SPURGEON ERRED BY SUMMARILY OVERRULING DEFENDANTS' MOTION TO QUASH PLAINTIFF'S COMPLAINT.

{¶4} "III. SPURGEON ERRED IN CLAIMING THE EVIDENCE PRESENTED BY PRA THAT THE COURT HAS POLITICAL JURISDICTION OVER THE DEFENDANTS-APPELLANTS.

{¶5} "IV. SPURGEON ERRED IN GRANTING SUMMARY JUDGMENT FOR PLAINTIFF-APPELLEE KNOWING THE UTTER LACK OF REQUISITE EVIDENCE. SPURGEON DID NOT ADHERE TO THE MANDATED EVIDENCE TO BE CONSIDERED IN SUMMARY JUDGMENT.

**{¶6}** "V. SPURGEON SHOULD HAVE VACATED THE SUMMARY JUDGMENT ORDER AND REVERSED HIS DECISION IN RESPONSE TO DEFENDANTS' MOTION TO SET ASIDE SUMMARY JUDGMENT.

**{¶7}** "VI. SPURGEON ERRED WHEN HE IGNORED THE DEFECTIVE SUMMONS.

**{¶8}** "VII. SPURGEON ERRED IN GRANTING SUMMARY JUDGMENT, BUT SHOULD HAVE AWARDED ONLY PARTIAL SUMMARY JUDGMENT, IF AT ALL.

**{¶9}** "VIII. SPURGEON ERRED WHEN HE OVERRULED DEFENDANTS' MOTION TO DEEM MATTERS ADMITTED.

**{¶10}** "IX. SPURGEON SHOULD NOT HAVE OVERRULED DEFENDANTS' MOTION TO COMPEL DISCOVERY.

**{¶11}** "X. SPURGEON SHOULD NOT HAVE DENIED RIGHT OF DISCOVERY SOUGHT BY APPELLANTS.

**{¶12}** "XI. SPURGEON SHOULD NOT HAVE DEPRIVED DAHLINS OF THEIR DUE PROCESS RIGHTS.

**{¶13}** "XII. SPURGEON ERRED IN REFUSING TO PRODUCE A WRITTEN FINDINGS OF FACT AND CONCLUSIONS OF LAW.(sic)

**{¶14}** "XIII. SPURGEON ERRED BESIDES IN AWARDING SUMMARY JUDGMENT BUT ALSO THE FUNDS AWARDED TO PRA."

**{¶15}** The record indicates appellee filed its complaint on July 2, 2009, alleging it was the assignee of the Bank of Hawaii, which issued a credit card to appellants. Appellee alleged appellants had defaulted on their repayment obligation, leaving a balance due of $8,992.27. Appellees alleged it did not attach the account records to its

complaint because, as the assignee of the original creditor, it did not have custody or control of the records, because the appellants were in receipt of monthly statements, and because the account records may be voluminous. Appellee also brought a count sounding in unjust enrichment.

{¶16} The clerk attempted service by certified mail, but when it was returned unclaimed on August 20, 2009, the clerk sent the summons by ordinary mail. The record contains no indication the ordinary mail was returned.

{¶17} On September 16, 2009, appellant filed a motion to dismiss, which tolled the answer date until November 25, 2009, when the court overruled the motion. On December 8, 2009, appellee filed notice of service of its first set of interrogatories, request for production of documents, and requests for admissions. The same date, appellants filed a motion for reconsideration of the motion to dismiss. The motion for reconsideration did not toll the answer date, see *Taylor v. Leeder Transportation System, Inc.,* Lake App. No. 2003-L-115, 2004-Ohio-6330 at paragraph 49. On December 9, 2009, the trial court sua sponte entered a general denial answer on appellants' behalf. It does not appear appellants themselves ever filed an answer.

{¶18} On January 6, 2010, appellant filed a second motion to dismiss, challenging appellee's standing as assignee of the Bank of Hawaii, and alleging abuse of process. The same day, appellee moved the court to deem its Requests for Admission admitted because appellants had failed to respond. Appellee also filed its motion for summary judgment. On January 8, 2010, the court deemed the Requests for Admission admitted.

{¶19} Appellants appealed to this court, and after we dismissed the case, filed a notice of appeal with the Supreme Court on the trial court's failure to dismiss the action. The Supreme Court did not accept the matter for review. On September 30, 2010, the trial court entered summary judgment, finding that more than 20 business days had passed since the Ohio Supreme Court had rejected appellants' appeal. The trial court overruled the appellants' pending motions to dismiss, to quash, to set aside admissions, to compel discovery, to deem matters admitted, and any other motion from appellants that might be still pending before it. The court also entered summary judgment in favor of appellee.

I.

{¶20} In their first assignment of error, appellants argue the trial court deemed appellee's Requests for Admission admitted prior to the date when appellants' responses were due.

{¶21} Civ. R. 36 (A)(1) provides:

{¶22} "***The matter is admitted unless, within a period designated in the request, not less than 28 days after service of a printed copy of the request or within such shorter or longer time as the court may allow, the party to whom the request is directed serves upon the party requesting the admission a written answer or objection addressed to the matter, signed by the party or by the parties' attorney.***"

{¶23} Civ. R. 6 (E) states:

{¶24} "Whenever a party has the right or is required to do some act or take some proceedings within a prescribed period after the service of a notice or other paper

upon him and notice or paper is served upon him by mail, three days shall be added to the prescribed period**'"

**{¶25}** Thus, appellants' responses to the Requests for Admission were due within 31 days of the date appellee mailed them. Appellee's Notice of Service states appellee mailed its first set of Interrogatories, Requests for Production of Documents, and Requests for Admission on December 2, 2009. Appellants did not file responses. The trial court deemed the Requests for Admission admitted on January 8, 2010.

**{¶26}** However, in their Motion for Reconsideration filed January 19, 2010, appellants asserted while the Notice of Service stated the Requests for Admission were mailed on December 2, 2009, appellants did not actually receive the Requests until December 31, 2009. Appellants filed their responses to the Requests for Admission on February 12, 2010. We find appellants' responses were untimely even if the date to respond is computed from December 31, 2009. Appellants never moved the court to extend the time for response or objected to any discovery request.

**{¶27}** We find the court did not err in deeming appellee's Requests for Admission admitted. The first assignment of error is overruled.

II.

**{¶28}** In their second assignment of error, appellants argue appellee's complaint failed to comply with Civ. R. 10 in failing to attach a copy of the account, credit card agreement, or account documents to the complaint.

**{¶29}** Appellee responds failure to attach a copy of the written instrument is not fatal to a complaint on account. Civ. R. 10 (D) is designed to deter the filing of frivolous medical malpractice claims, and provides an affidavit of merit must be attached to a

complaint for medical malpractice. However, Civ. 10 (D)(1) does not require attachment of the account or written instrument to establish the adequacy of the complaint, and failure to attached the required copies is properly addressed by a motion for a more definite statement pursuant to Civ. R. 12 (E). The Supreme Court has held a party can plead a prima facie case without attaching the account or written agreement to the complaint, and the complaint will survive a motion to dismiss for failure to state a claim. *Fletcher v. University Hospital of Cleveland,* 120 Ohio St. 3d 167, 2008-Ohio-5379, 897 N.E. 2d 147, at paragraph 11, citation deleted.

**{¶30}** From the record it appears appellants did not move for a more definite statement. Thus, we conclude the trial court did not err in not dismissing appellee's complaint for failure to attach the documents in question.

**{¶31}** Appellants also argue appellee never produced evidence it had standing as an assignee to bring the action. Appellee responds although the trial court sua sponte entered a general denial to the complaint, appellants never answered or raised that appellee was not the proper party in interest as an affirmative defense. Request for Admission five states: "Admit the plaintiff acquired, for valuable consideration, all right, title and interest in the unpaid credit card debt." This admission establishes appellee's standing.

**{¶32}** Finally, appellants argue appellee presented no evidence of unjust enrichment. Request for Admission number eleven stated: "Admit the defendant received a benefit by using the aforementioned extension of credit." Further, the court did not award damages on the count of unjust enrichment.

**{¶33}** The second assignment of error is overruled.

III.

**{¶34}** In their third assignment of error, appellants argue the trial court lacked political jurisdiction over the matter.

**{¶35}** There are several aspects to a court's jurisdiction. Jurisdiction over the subject matter of the case involves a court's power to hear a case. *Pratts v. Hurley,* 102 Ohio St. 3d 81, 2004-Ohio-1980, 806 N.E. 2d 992. Section 4 (A)(B), Article IV of the Ohio Constitution establishes the jurisdiction of the state's common pleas courts. R.C. Title 2305.01 establishes the court's jurisdiction over civil cases generally. The trial court had subject matter jurisdiction over this case.

**{¶36}** Another aspect of jurisdiction is the concept of personal jurisdiction, which is jurisdiction over the parties to the action. Appellants have appeared and litigated this matter, and the record does not indicate they reside in a county other than Knox County. The trial court had personal jurisdiction over the parties.

**{¶37}** The third assignment of error is overruled.

IV.

**{¶38}** In their fourth assignment of error, appellants challenge the sufficiency of the evidence submitted in support of appellee's motion for summary judgment.

**{¶39}** Any matter deemed admitted under Civ. R. 36 is conclusively established unless the court allows withdrawal or amendment. An admission can be used to establish a fact essential to the case, because the purpose of Requests for Admission is to eliminate any issues not in dispute if possible. *Cleveland Trust Company v. Willis* (1985), 20 Ohio St. 3d 66, 485 N.E. 2d 1052.

**{¶40}** We have reviewed the admissions and find they constitute sufficient evidence for the trial court to grant summary judgment in favor of appellee.

**{¶41}** The fourth assignment of error is overruled.

V.

**{¶42}** In their fifth assignment of error, appellants challenge appellee's standing to bring the action. The issue of standing was resolved in Admissions number one and five. See II, supra.

**{¶43}** Further, the trial court could not amend or vacate a final appealable order. The summary judgment disposed of appellee's claims and was final. The Civil Rules to not provide for motions to reconsider, *Pitts v. Ohio Department of Transportation* (1981), 67 Ohio St. 2d 378, 423 N.E.2d 1105.

**{¶44}** The fifth assignment of error is overruled.

VI.

**{¶45}** Appellants' sixth assignment of error argues appellee abandoned its claim for unjust enrichment and litigated only the claim based on the credit card account. The trial court did not award damages on both counts of the complaint and appellants do not show prejudice.

**{¶46}** The sixth assignment of error is overruled.

VII.

**{¶47}** Appellants argue the court should have deemed appellants' Requests for Admission admitted. Appellants' Requests were filed well after the court deemed appellee's Request admitted, and appellants' Requests essentially contradict those of

appellee. Because we find the trial court did not err in deeming appellee's Requests admitted we find it did not err in rejecting appellants' Requests for Admission.

{¶48} The seventh assignment of error is overruled.

VIII.

{¶49} In their eighth assignment of error, appellant urges the trial court erred in not permitting full discovery. Because we find appellants' admitted facts going to all the elements of appellee's claim, we conclude the court did not prejudice appellants if it curtailed discovery and addressed the motion for summary judgment.

{¶50} The eighth assignment of error is overruled.

IX.

{¶51} Appellants reiterate their arguments regarding discovery requests and evidentiary issues. For the reasons cited supra we find no error.

{¶52} The ninth assignment of error is overruled.

X.

{¶53} Appellants argue the above alleged errors deprive them of their due process rights. Because we find no error supra, we find appellants received due process of law in this court proceeding.

{¶54} The tenth assignment of error is overruled.

XI.

{¶55} In their eleventh assignment of error, appellants urged they had five motions pending before the court which the court summarily overruled. Because we

find the court did not err in entering summary judgment, we conclude these motions were moot and the court did not err in overruling them.

{¶56} The eleventh assignment of error is overruled.

XII

{¶57} In their twelfth assignment of error appellants assert the court erred in not preparing findings of fact and conclusions of law. Civ. R. 52 provides that trial courts are not required to make findings of fact in ruling on a motion for summary judgment. See also, *Burdette v. Stevens* , Perry App. No. 06CA 22, 2007-Ohio-4604 at paragraph 11.

{¶58} The twelfth assignment of error is overruled.

XIII.

{¶59} In their final assignment of error, appellants urge the amount of the debt is also in contention. Admission number four concedes the current balance was $8,992.27, and that is the amount of the trial court's award.

{¶60} The thirteen assignment of error is overruled.

{¶61} For the foregoing reasons, the judgment of the Municipal Court of Mount Vernon, of Knox County, Ohio, is affirmed.

By Gwin, P.J.,

Wise, J., and

Delaney, J., concur

_____

HON. W. SCOTT GWIN

_____

HON. JOHN W. WISE

_____

HON. PATRICIA A. DELANEY

WSG:clw 0811

IN THE COURT OF APPEALS FOR KNOX COUNTY, OHIO

FIFTH APPELLATE DISTRICT


PORTFOLIO RECOVERY
ASSOCIATES                                          :
                                                    :
            Plaintiff-Appellee          :
                                                    :
                                                    :
-vs-                                                :          JUDGMENT ENTRY
                                                    :
ROY W. DAHLIN, JR.,ET AL              :
                                                    :
                                                    :
            Defendants-Appellants      :          CASE NO. 10-CA-000020


      For the reasons stated in our accompanying Memorandum-Opinion, the judgment of

the Municipal Court of Mount Vernon, of Knox County, Ohio, is affirmed.   Costs to

appellants.




                                                    _____

                                                    HON. W. SCOTT GWIN

                                                    _____

                                                    HON. JOHN W. WISE

                                                    _____

                                                    HON. PATRICIA A. DELANEY