[Cite as *Dalliance Real Estate Inc. v. Covert*, 2013-Ohio-538.]

# IN THE COURT OF APPEALS

# ELEVENTH APPELLATE DISTRICT

# GEAUGA COUNTY, OHIO

| | | |
|---|---|---|
| DALLIANCE REAL ESTATE INC., et al., | : | **MEMORANDUM OPINION** |
| Plaintiffs-Appellees, | : | |
| - vs - | : | **CASE NO. 2012-G-3090** |
| TIMOTHY COVERT, | : | |
| Defendant-Appellant. | : | |

Civil Appeal from the Geauga County Court of Common Pleas, Case No. 08M000069.

Judgment: Appeal dismissed.

*A. Pearce Leary*, 401 South Street, Bldg. 4-A, Chardon, OH 44024 (For Plaintiffs-Appellees).

*John W. Shryock*, John Shryock Co., L.P.A., 30601 Euclid Avenue, Wickliffe, OH 44092 (For Defendant-Appellant).

DIANE V. GRENDELL, J.

{¶1} On July 3, 2012, appellant, Timothy Covert, filed a notice of appeal from the June 6, 2012 Judgment Entry of the Geauga County Court of Common Pleas. In that entry, the trial court entered judgment in favor of the appellees, Dalliance Real Estate and Margaret Lahner, on the claims raised in their Complaint, which all related to the transfer of a portion of the appellees' real property to Covert. The court held that the appellees could disconnect water lines from a well to Covert's property, that a license agreement between the parties was void, that Covert was enjoined from using a common driveway, and that Covert committed a trespass on appellees' property.

{¶2} This amounted to a ruling on each of the claims raised by the appellees in their Complaint, which included the following: an Ejectment claim, asserting that Covert entered onto the property of Lahner and added certain improvements; a Trespass claim, asserting that modifying their property through the installation of the foregoing items resulted in a trespass; a claim for an injunction; and a Breach of Contract claim, which asserted that Covert agreed to drill his own water well for his property. The trial court also appears to have disposed of the related counterclaims raised by Covert, which requested rulings based on the similar grounds, including requesting a declaration that he was entitled to use a common driveway and that he could use the water well located on appellees' property.

{¶3} The Judgment Entry, while ruling on all of the claims before the court, including the trespass claim, stated that "a hearing shall be scheduled at a later date to determine the amount of damages owed to Plaintiffs by Defendant Timothy Covert as a result of [his] trespass." The Judgment Entry also included the language, "there is no just reason for delay." A review of the docket reveals that a hearing has not yet been held on the matter of damages.

{¶4} "In order for a judgment to be final and appealable, the requirements of R.C. 2505.02 and Civ.R. 54(B), if applicable, must be satisfied." *Bristol Twp. Bd. of Trustees v. Haney*, 11th Dist. No. 2010-T-0084, 2010-Ohio-3965, ¶ 3. "An order that affects a substantial right in an action that in effect determines the action and prevents a judgment" is considered a final order. R.C. 2505.02(B)(1).

{¶5} In the present matter, it appears that all of the claims were ruled on by the trial court except damages as they related to the trespass action. As a general matter, "orders determining liability in the plaintiffs' * * * favor and deferring the issue of

2

damages are not final appealable orders under R.C. 2505.02 because they do not determine the action or prevent a judgment." *State ex rel. White v. Cuyahoga Metro. Hous. Auth.*, 79 Ohio St.3d 543, 546, 684 N.E.2d 72 (1997); *Ohio & Vicinity Regional Council of Carpenters v. McMarty*, 11th Dist. No. 2005-T-0063, 2006-Ohio-2019, ¶ 12, ("a judgment from a civil proceeding 'which defers damages for a later determination of an uncertain amount is not a final appealable order'") (citation omitted); *134 W. 46th St. Holdings LLC v. Myers*, 11th Dist. No. 2012-A-0009, 2012-Ohio-4469, ¶ 10 (order granting judgment but not ruling on damages was not final). In the present matter, the trial court's judgment determined only the issue of liability for trespass, and is, therefore, not a final appealable order as contemplated by R.C. 2505.02.

{¶6} Since the aforementioned judgment is not final, the fact that the trial court used Civ.R. 54(B) language in its judgment entry is irrelevant. *Ohio & Vicinity Regional* at ¶ 13; *Noble v. Colwell*, 44 Ohio St.3d 92, 96, 540 N.E.2d 1381 (1989) (the "mere incantation of the required language" of Civ.R. 54(B) cannot turn an otherwise non-final order into a final appealable order). An order does not become final by merely including boilerplate Civ.R. 54(B) language. *Wisintainer v. Elcen Power Strut Co.*, 67 Ohio St.3d 352, 364, 617 N.E.2d 1136 (1993).

{¶7} To the extent that it could be argued that the judgment is final as to some aspects of the case, we note that, in the present matter, it is in the interests of judicial economy to have all claims heard by this court at the same time. It would be ineffective for this court to have the issue of liability for trespass before it and not damages, as this may necessitate a second appeal related to the matters before this court in the present appeal. Further, all of the issues in this matter appear to be intertwined, as they generally relate to whether Covert was allowed to use the parties' common driveway or

3

make changes to the area surrounding the driveway. It would be more economical to address all of these issues in a consolidated, not piecemeal, fashion. Where the "adjudication of all claims between the two parties best serves judicial economy and justice, * * * [f]racturing the appellate process, in this particular case, is not in the interest of 'sound judicial administration.'" *Deutsche Bank Natl. Trust Co. v. Germano*, 11th Dist. No. 2010-P-0081, 2011-Ohio-3122, ¶ 9. *See also KMV V, Ltd. v. DeBolt*, 11th Dist. No. 2009-P-0045, 2009-Ohio-4454, ¶ 4 (emphasizing "the need to avoid piecemeal appeals").

{¶8} Moreover, since the underlying actions in this matter, aside from the trespass action, are for breach of contract, it should not be said that the judgment becomes final by virtue of being a declaratory judgment. While some of the counterclaims raised by Covert were framed as declaratory judgment actions, all of the issues ruled upon relate directly to what was agreed to by the parties under their contract for the sale of the real estate in this matter. *Ohio & Vicinity Regional*, 2006-Ohio-2019, at ¶ 10-11

{¶9} Based upon the foregoing analysis, this appeal is hereby sua sponte dismissed due to lack of a final appealable order.

{¶10} Appeal dismissed.


CYNTHIA WESCOTT RICE, J.,

COLLEEN MARY O'TOOLE, J.,

concur.

4