[Cite as *Birmingham Assoc., L.L.C. v. Strauss*, 2013-Ohio-4289.]

# IN THE COURT OF APPEALS

# ELEVENTH APPELLATE DISTRICT

# GEAUGA COUNTY, OHIO

| | | |
|---|---|---|
| BIRMINGHAM ASSOCIATES, LLC, et al., | : | **O P I N I O N** |
| Plaintiffs-Appellees, | : | |
| - vs - | : | **CASE NO. 2012-G-3111** |
| MARC I. STRAUSS, et al., | : | |
| Defendants-Appellants. | : | |

Civil Appeal from the Geauga County Court of Common Pleas, Case No. 11M0498.

Judgment: Affirmed in part and dismissed in part.

*Daniel F. Lindner*, Lindner, Sidoti, Jordan, L.L.P., 2077 East Fourth Street, 2nd Floor, Cleveland, OH 44115 (For Plaintiffs-Appellees).

*Marc I. Strauss*, 2433 Michelle Court, Willoughby Hills, OH 44094 (For Defendants-Appellants).

TIMOTHY P. CANNON, P.J.

{¶1} Defendants-appellants, Marc I. Strauss and Marc I. Strauss Children's Trust II, appeal the partial summary judgment of the Geauga County Court of Common Pleas in favor of plaintiffs-appellees, Birmingham Associates LLC, and MRM Land Company LLC, which determined liability but deferred the issue of damages for trial. Appellants additionally contend the trial court erred in dismissing their counterclaims without an "adequate" analysis. For the reasons that follow, the judgment of the trial

court is affirmed in part, and the balance of the issues on appeal are dismissed for the reasons set forth herein.

{¶2} The birth of the underlying case was the decision of Mr. Strauss to purchase a golf course. Most of the relevant facts are undisputed. Mr. Strauss was the successful bidder at the auction of the Tanglewood National Golf Course. He had arranged financing through his discussions with Mark Tiefel and Warren Wolfson. They agreed to provide secured financing for the purchase through their company, Birmingham Associates LLC, in exchange for an ownership stake in the golf course. The trio formed MRM Land Company LLC ("MRM") for the purpose of owning and operating the golf course. Marc I. Strauss Children's Trust II (the "Trust") also joined MRM as a member. Birmingham Associates loaned MRM the principle sum of $833,000 pursuant to the terms set forth in a promissory note drafted by Mr. Strauss, a licensed attorney in the state of Ohio. The loan was secured by, inter alia, Mr. Strauss' personal and trust membership units in MRM and a receiver deed.

{¶3} In November 2009, Mr. Strauss and the Trust defaulted on the loan, failing to make the requisite payments. Birmingham Associates made Mr. Strauss and the Trust another loan, which modified the terms of the pre-existing loan, providing notably increased interest rates. Mr. Strauss, the Trust, and MRM did not repay the principle balances or interest balances on either of the loans. Notices of default were sent, and Mr. Strauss acknowledged the default. Mr. Tiefel and Mr. Wolfson foreclosed on Mr. Strauss' ownership and management shares in MRM. Following the default, Birmingham Associates offered MRM—now owned solely by Mr. Tiefel and Mr.

2

Wolfson—the deed to the parcel in lieu of foreclosure in return for debt forgiveness on Birmingham Associates' loan to MRM.

{¶4} On May 5, 2011, Birmingham Associates and MRM filed a three-count complaint against Mr. Strauss and the Trust seeking damages for breach of contract and MRM's right to contribution. Mr. Strauss and the Trust filed a counter-suit which declared accommodation status with regard to the obligation on the underlying note and alleged, inter alia, impairment of collateral and breach of fiduciary duty claims against Birmingham Associates, MRM, and Mr. Tiefel and Mr. Wolfson, individually.

{¶5} On June 15, 2012, Birmingham Associates and MRM filed a motion for partial summary judgment in their favor on all counts of their complaint, as well as on all counterclaims raised by Mr. Strauss and the Trust. The motion requested "partial" summary judgment in that the issue of damages would remain and would be set for trial.

{¶6} Mr. Strauss and the Trust filed a motion for summary judgment in favor of defendants on two counts of plaintiffs' complaint arguing, principally, that Mr. Strauss was merely an accommodation maker on the note.

{¶7} The trial court granted Birmingham Associates and MRM's partial motion for summary judgment while overruling Mr. Strauss and the Trust's motion. The trial court reasoned that, though neither the note nor the agreement concerning the loan contained words of accommodation, the parties' intent to hold Mr. Strauss personally liable was evidenced by the loan documents and correspondence. Specifically, the trial court found Birmingham Associates and MRM met their initial summary judgment burden by showing that Mr. Strauss was a maker whose breaches of contractual agreements caused damages. The trial court then found Mr. Strauss and the Trust to

3

have partially met their rebuttal burden, showing a genuine issue of fact as to the measure of damages. The court entered judgment in favor of Birmingham Associates and MRM, and against Mr. Strauss and the Trust on the counterclaim.

{¶8} The trial court noted the matter would proceed to trial solely on the issue of damages and, in a nunc pro tunc entry solicited by Mr. Strauss, certified no just reason for delay.

{¶9} Mr. Strauss and the Trust now timely appeal and assert two assignments of error. Their first assignment of error states:

> [1.] The trial court committed prejudicial error in granting plaintiff-appellees['] motion for summary judgment based upon its decision that since the Note and Agreement failed to contain words of accommodation defendant-appellants were found to be are [sic] jointly and severally liable for the loan made by [plaintiff]-appellees.

{¶10} Mr. Strauss and the Trust contend the trial court erred in granting summary judgment in favor of Birmingham Associates and MRM in that Mr. Strauss cannot be personally liable for the Promissory Note because he is merely an accommodation maker.

{¶11} Appellate courts are required to raise jurisdictional questions sua sponte. Thus, though not raised by either party, we must first determine if this court has jurisdiction to consider the merits of the appeal.

{¶12} A trial court is permitted to decide the issue of liability alone on a summary judgment exercise. Civ.R. 56(C) provides, in relevant part: "A summary judgment, interlocutory in character, may be rendered on the issue of liability alone although there is a genuine issue as to the amount of damages." The trial court in this case rendered such a judgment. The question, however, is whether the order is final and appealable.

4

{¶13} Generally speaking, judgments that determine liability, but defer the issue of damages for later determination, are not final appealable orders. * * * A determination of liability without a determination of damages is not a final appealable order because damages are part of a claim for relief, rather than a separate claim in and of themselves.

*Schneider v. Schaefer Landscape Design, Inc.*, 8th Dist. Cuyahoga No. 85443, 2005-Ohio-4288, ¶3, citing *State ex rel. White v. Cuyahoga Metro. Hous. Auth.*, 79 Ohio St.3d 543, 546 (1997). *See also Summit Petroleum, Inc. v. K.S.T. Oil & Gas Co., Inc.*, 69 Ohio App.3d 468, 470 (9th Dist.1990) (holding that summary judgment on an issue of liability alone, leaving the question of damages to be later determined, is interlocutory and not appealable).

{¶14} There is a recognized exception whereby a judgment not determining damages is a final order where the computation of damages is mechanical; i.e., "only a ministerial task similar to assessing costs remains." *Cuyahoga Metro. Hous. Auth.* at 546. Such an exception, however, is not applicable here. In fact, a review of the record indicates the question of damages will be anything but a straightforward inquiry.

{¶15} Here, the trial court determined Mr. Strauss was a primary obligor and breached his obligations under the agreements such that summary judgment was appropriate as a matter of law on all counts of the complaint and also in favor of plaintiffs on the counterclaim. The question of damages was expressly left outstanding.

{¶16} We note the trial court's original summary judgment did not contain any Civ.R. 54(B) language. Mr. Strauss filed a motion to amend the judgment "to indicate that there is no just reason for delay of the entry of final judgment from which an appeal may be taken." The trial court then added the specific Civ.R. 54(B) language. However, the portion of the trial court's order determining appellants' liability alone was

5

an interlocutory order and could not be considered a final order subject to appeal. Simply because the trial court subsequently amended its judgment to include "no just reason for delay" does not mean the order is final. Indeed, "'[a] trial court cannot transform that which is not, by its nature, a final appealable order, into the same by mere appellation.'" *Abbe Family Found. & Trust v. Portage Cty. Sheriff's Dept.*, 11th Dist. Portage No. 2005-P-0060, 2006-Ohio-2497, ¶36, quoting *Summit Petroleum* at 470; *see also Cassim v. Cassim*, 98 Ohio App.3d 576, 578-579 (10th Dist.1994) (noting that a finding of "no just reason for delay" pursuant to Civ.R. 54(B) does not make appealable an otherwise non-appealable order).

{¶17} In *Abbe Family Found. & Trust*, this court was faced with a similar situation where the trial court's order, though interlocutory in that it did not address damages, nonetheless contained Civ.R. 54(B) language, as well as a "final appealable order" designation. There, we noted:

> Civ.R. 54(B) addresses judgments in cases involving multiple claims or multiple parties. It permits a court to enter final judgment 'as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay.' Here, Civ.R. 54(B) is not applicable because a judgment can be final only where it adjudicates both liability and damages. Thus, no individual party had a final judgment issued on its claim(s).

*Abbe Family Found. & Trust* at ¶36, fn. 5.

{¶18} Thus, the trial court's nunc pro tunc entry did not have the effect of converting an otherwise non-final, non-appealable order into a final, appealable order. *See also Schneider, supra*, at ¶5 ("Damages are part of a claim for relief, rather than a separate claim in and of itself, and therefore a determination of liability without a

6

determination of damages is not a final appealable order *even with the addition of Civ.R. 54(B) language*"). (Emphasis added.)

**{¶19}** Mr. Strauss, at oral argument, urged this court to nonetheless consider the assigned error, arguing the judgment could be considered final as to some aspects of the case. However, as this court has cautioned before, it would be ineffective to review the issue of liability and not damages, "as this may necessitate a second appeal related to the matters before this court in the present appeal." *Dalliance Real Estate, Inc. v. Covert*, 11th Dist. Geauga No. 2012-G-3090, 2013-Ohio-538, ¶7. Indeed, "'fracturing the appellate process'" is not in the interest of judicial economy especially when, as here, the issues are intertwined. *Id.* (citations omitted).

**{¶20}** As a final matter, even couching the arguments in terms of the trial court's *denial* of appellants' summary judgment motion would still not confer jurisdiction on this court, because a denial of a summary judgment motion does not determine an action and prevent a judgment and therefore, with limited exception not applicable here, does not constitute a final order. *Celebrezze v. Netzley*, 51 Ohio St.3d 89, 90 (1990).

**{¶21}** Accordingly, appellants' first assignment of error is dismissed for lack of jurisdiction.

**{¶22}** Appellants' second assignment of error states:

> [2.] The trial court committed reversible error in granting plaintiff-appellees motion for summary judgment and dismissing defendant-appellants counterclaim where the trial court's judgment entry nunc pro tunc does not adequately detail its analysis for dismissing the counterclaim.

**{¶23}** Mr. Strauss and the Trust again argue the trial court erred in granting Birmingham Associates and MRM's motion for summary judgment, though for a

7

different reason. As set forth above, this court is without jurisdiction to consider this argument with respect to appellees' motion for summary judgment on their complaint. However, though not individually framed, compounded into this assigned error is a claim that the trial court erred in granting appellees' motion for summary judgment dismissing appellants' counterclaims. With the court's inclusion of "no just cause for delay" in its entry, to the extent the trial court prevented Mr. Strauss and the Trust from going forward with their counterclaims and thereby prevented a judgment, we may consider appellants' arguments as set forth in their merit brief.

{¶24} Mr. Strauss and the Trust argue the trial court should have provided reasoning for entering judgment against them on their counterclaims. Appellants fail to cite any authority which stands for the proposition that a trial court is required to provide detailed analysis in a summary judgment. Additionally, pursuant to Civ.R. 52, "[f]indings of fact and conclusions of law required by this rule and by Rule 41(B)(2) are unnecessary upon all other motions including those pursuant to Rule 12, Rule 55 *and Rule 56.*" (Emphasis added.) *See Portfolio Recovery Assocs., LLC v. Dahlin*, 5th Dist. Knox No. 10-CA-000020, 2011-Ohio-4436, ¶57 ("Civ.R. 52 provides that the trial courts are not required to make findings of fact in ruling on a motion for summary judgment."); *see also Joyce v. Godale*, 11th Dist. Geauga No. 2006-G-2692, 2007-Ohio-473, ¶26. Even though the court dismissed appellants' counterclaims in a single line, its reasoning should not be a great mystery: many of appellants' counterclaims were premised on Mr. Strauss' argument that he was an accommodation maker—a contention rejected by the trial court with express reasoning.

{¶25} Appellants' second assignment of error is without merit with regard to the trial court's ruling on their counterclaim and in part dismissed with regard to the remaining issues raised therein.

{¶26} The judgment of the Geauga County Court of Common Pleas granting judgment to appellees on appellants' counterclaim is affirmed. The appeal with respect to the balance of the judgment is dismissed for lack of a final, appealable order.

CYNTHIA WESTCOTT RICE, J.,

COLLEEN MARY O'TOOLE, J.,

concur.