[Cite as *B & M Realty, Inc. v. Ferchill*, 2014-Ohio-4843.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

---

JOURNAL ENTRY AND OPINION
**No. 101255**

---

**B AND M REALTY, INC.**

PLAINTIFF-APPELLANT

vs.

**JOHN J. FERCHILL**

DEFENDANT-APPELLEE

---

**JUDGMENT:**
DISMISSED

---

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CV-12-785033

**BEFORE:** S. Gallagher, J., Celebrezze, P.J., and Kilbane, J.

**RELEASED AND JOURNALIZED:** October 30, 2014

**ATTORNEYS FOR APPELLANT**

Jeffrey M. Embleton
Brendon P. Friesen
Mansour, Gavin, Gerack & Manos
North Point Tower
1001 Lakeside Avenue, Suite 1400
Cleveland, OH   44114


**ATTORNEYS FOR APPELLEE**

David R. Mayo
Michael J. Meyer
Benesch, Friedlander, Coplan & Aronoff, L.L.P.
200 Public Square
Suite 2300
Cleveland, OH   44114

Ronald L. House
Benesch, Friedlander, Coplan & Aronoff, L.L.P.
41 South High Street
Suite 2600
Columbus, OH   43215

SEAN C. GALLAGHER, J.:

{¶1} B and M Realty, Inc., appeals from the judgment of the trial court granting partial summary judgment in favor of John Ferchill on two counts of B and M Realty's three-count complaint. For the following reasons, we dismiss the appeal.

{¶2} In simplistic terms, B and M Realty filed a complaint advancing three claims: breach of contract; fraud; and unjust enrichment, arising out of Ferchill's alleged breach of a ground lease with 1460 LP for failure to pay rent and misrepresenting the financial condition of 1460 LP, which directly led to a disagreement regarding unpaid rent. Both parties moved for summary judgment. The trial court granted judgment in Ferchill's favor upon the fraud and unjust enrichment claims, holding that those two claims essentially restated the breach of contract claim advanced in Count 1 of the complaint. The court determined that a genuine issue of material fact existed with regard to the breach of contract claim, but nonetheless certified the partial summary judgment decision pursuant to Civ.R. 54(B).

{¶3} Generally speaking, Civ.R. 54(B) only applies if there are multiple parties or multiple claims. *Chef Italiano Corp. v. Kent State Univ.*, 44 Ohio St.3d 86, 541 N.E.2d 64 (1989). If the relief sought in the complaint is the same, then, for purposes of Civ.R. 54(B), there is, essentially, only one claim. *Id.* In other words, for our Civ.R. 54(B) analysis, we must determine if B and M Realty's arguments were "distinct claims for relief in Civ.R. 54(B) parlance." *Walker v. Firelands Community Hosp.*, 6th Dist. Erie No. E-06-023, 2006-Ohio-2930, ¶ 20; *Ollick v. Rice*, 16 Ohio App.3d 448, 476 N.E.2d 1062 (8th Dist.1984). If the multiple claims in actuality state a single cause of action, then Civ.R. 54(B) is inapplicable.

{¶4} In this case, the trial court held that all three claims stated the same claim for relief, that Ferchill allegedly breached the terms of the undisputedly valid and enforceable contract by failing to pay the appropriate rent derived from the financial condition of 1460 LP. In essence, as pleaded, the fraud and unjust enrichment claims were in the alternative to the breach of contract claim should there be a determination that the contract was invalid or otherwise unenforceable. As recognized by the trial court, neither the validity nor enforceability of the contract was disputed. We, therefore, agree with the trial court's assessment. All three of B and M Realty's causes of action are dependent on the conduct underlying the breach of contract claim, and therefore, this case involves a single claim for breach of contract as the complaint was pleaded. Civ.R. 54(B) is inapplicable in light of the facts of this particular case.

{¶5} Pursuant to R.C. 2505.02, there is no final appealable order. The trial court determined that an issue of fact existed upon the breach of contract claim, and that determination is not immediately appealable. Even orders determining liability without damages are not final appealable orders because those orders do not determine the action or prevent a judgment. *Dalliance Real Estate v. Covert*, 11th Dist. Geauga No. 2012-G-3090, 2013-Ohio-538, ¶ 5, citing R.C. 2505.02. In this case, the trial court denied summary judgment with regard to the breach of contract claim in its entirety. The denial of summary judgment necessarily does not determine the action or prevent judgment, and therefore, the order is not a final appealable one.

{¶6} We dismiss the appeal for want of a final appealable order.

It is ordered that appellee recover of appellant costs herein taxed.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the

Rules of Appellate Procedure.


_____
SEAN C. GALLAGHER, JUDGE

FRANK D. CELEBREZZE, JR., P.J., and
MARY EILEEN KILBANE, J., CONCUR